# EXHIBIT "A"

11/3/2017 9::
Chris Daniel - District Clerk Harris C
Envelope No. 205
By: Nelson
Filed: 11/3/2017 9::

# 2017-74453 / Court: 125

CAUSE_____

| | | |
|---|---|---|
| JOHN ALLEN JR., | § | IN THE CIVIL DISTRICT |
| LAWON ALLEN JR., DECEDENT'S | § | |
| SURVIVING HEIRS AND AS | § | |
| REPRESENTATIVE OF THE | § | |
| ESTATE OF JOHN ALLEN, SR., | § | |
| DECEASED, | § | |
| Plaintiffs, | § | _____Judicial District |
| | § | |
| vs. | § | |
| | § | |
| JAY HAYS, HOUSTON POLICE | § | |
| OFFICER, IN HIS INDIVIDUAL | § | |
| CAPACITY, UNKNOWN | | |
| DEFENDANT JOHN DOE, | | HARRIS COUNTY, TEXAS |
| HOUSTON POLICE OFFICER, IN | | |
| HIS INDIVIDUAL CAPACITY AND | | |
| THE CITY OF HOUSTON, | | |
| Defendants | | |

## ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, John Allen Jr., Individually and as Wrongful Death

Beneficiary and Survivor and Lawon Allen, Individually and as Wrongful Death

Beneficiary and survivor of John Allen Sr. and Representative of the Estate of John

Allen Sr., deceased. Plaintiff herein, complaining of Houston Police Officers, Jay

Hays in his individual capacity and Unknown officer, John Doe, in his individual

capacity and The City of Houston and for cause of action would respectfully s how

as follows:

## I. **JURISDICTION AND VENUE**

1. This court has jurisdiction over Plaintiff's state law claims and supplemental jurisdiction over the federal claims, under the Civil Rights Act of 1871 pursuant to 28 U.S.C. §§1331 and 28 U.S. C. §1343. Jurisdiction under *Haywood v. Brown,* 556 U.S. 729,731 (2009); *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 506-07 (1982)

2. Venue is proper in Harris County as the cause of action made the basis of this case accrued in Houston, Harris County, Texas.

## II. **NATURE OF THE CASE**

3. A Marine, Mr. John Allen was shot and killed during a law enforcement official investigatory stop or other "seizure" of a free citizen in thirty-three seconds of the traffic stop.

4. This is a Texas wrongful death and survival action brought by Plaintiffs, The Estate of John Allen Sr., John Allen Jr., Lawon Allen who are the sons of John Allen the deceased. Plaintiff brings this action pursuant to the Texas Constitution Article I, Sec. 19, Deprivation of Life and Article I, Sec. 7, Searches and Seizure, and pursuant to Texas Wrongful Death and Survivorship-- 42 U.S.C. §1983, 1985 and 1988 seeking recovery and redress for violations of the constitutionally-protected rights of John Allen, Sr., Deceased. Specifically, plaintiff alleges that Defendants violated John Allen's rights under the Texas Constitution and the U.S.

Constitution to be secure in his person and be free of unreasonable, unjustified, and excessive use of force and the United States Constitutions 4th and 14th Amendment rights to life and liberty and due process.

## III. PARTIES AND SERVICE

5.  Plaintiff, ESTATE OF JOHN ALLEN, SR. to be separately file in the probate court of Harris County, Texas.

6.  Plaintiff, JOHN ALLEN JR. is a resident of Hays County, Texas.

7.  Plaintiff, LAWON ALLEN is a resident of Harris County, Texas.

8. Defendant, OFFICER JAY HAYS, is an individual employed by the Houston Police Department as a duly appointed Police Officer for the City of Houston, Harris County, Texas. Jay Hays is sued in his individual capacity, acting under color of law. He is a "person" under 42 U.S. C. §1983 and at all times relevant to this case acted under color of law. Defendant may be personally served with process at Houston Police Department at 1200 Travis Street. Houston, Texas 77002. Service on Defendant is hereby requested.

9.  Defendant, OFFICER JOHN DOE, is an individual employed by the Houston Police Department as a Police Officer. John Doe is sued in his individual capacity and acting under color of law.  He is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law. Defendant may be

3

personally served with process at Houston Police Department at 1200 Travis Street.
Houston, Texas 77002. Service on Defendant is hereby requested.

10. Defendant, CITY OF HOUSTON, is a local government sued in its
official capacity and subjected to monetary damage claims under 42 U.S.C. §1983
because its official policy or custom caused John Allen Sr. to be deprived of state
and federally-protected right. *Monell v. Dept. of Social Services* 436 U.S. 658, 694
(1978) Defendant may be served with process at City of Houston, by serving the
City Secretary, Mrs. Anna Russell at 901 Bagby, Houston, Texas 77002.

## IV.  DISCOVERY LEVEL

11.  Discovery shall be had at level three in this case.

## V. FACTUAL BACKGROUND

12. Earlier in the day of November 4, 2015, John Allen, Sr. assisted an
elderly neighbor by painting her house.

13. Fifty-five-year-old, Mr. John Edward Allen Sr. was a U.S. Marine having
served his country for four years stationed at Camp Pendleton in Oceanside
California.  Mr. Allen was honorably discharged from the Marines and returned from
his military stint mentally disabled, suffering from Post-Traumatic Stress Disorder
("PTSD").  Mr. Allen was rated one hundred per-cent disabled. Undeterred about his

condition, he sought to leave an imprint and legacy with his two sons: John Edward Allen Jr. and Lawon Allen by making sure that the young men received the love, education, support and the mental health care needed to make them contributors to society.

### *HOMICIDE*

14.     On the night of November 4, 2015, at about 12:30 am Mr. John Allen Sr. was driving his 2005 Ford F-150 truck in the 3200 block of Drew Street and Nettleton with a female companion, Ms. Shantell Atteberry in the passenger seat of the car. As Mr. Allen stopped his truck; he observed a flashing light and inquired "who is this?" Rather than answering Mr. Allen's question; the officer Jay Hay's responded in an agitated manner: "What you mean, who is this"? Mr. Allen was asked by police officer John Doe to show his identification. He reached for his wallet to show his identification, the police officer, Jay Hays then proceeded to tell Mr. Allen to take his hands from his pocket. Mr. Allen verbally stated on numerous occasion to the Police officer he was reaching for his wallet. John Allen replied: "Here is my wallet." "I'm not moving, I'm giving you my wallet". Officer Jay Hays stated: "That's not a wallet" and repeated: stop reaching, stop reaching, stop reaching three times and within **(33) thirty-three seconds**: fired six gun-shots with five landing and killing John Allen on the spot. A blood smeared wallet and *(not a gun)*

was found on John Allen's person. Officer Hays acted with deliberate indifference to the rights of John Allen.

15.    The City of Houston police officers acting under color of law wearing Houston Police Officers issued uniforms. Houston Police Officers, Jay Hays and Officer John Doe flashed the light from their Houston Police Department vehicle on what appeared to be a routine traffic stop, allegedly for running a red light and a busted taillight. Mr. Allen saw the flashing light at night and travelled less than a few feet and immediately stopped the truck.  Officer Jay Hays and Officer John Doe approached the truck in a routine traffic stop in a manner inconsistent with their Texas Commission on Law Enforcement training, that is, with their guns blazing and pointed at the male, African-American veteran and female occupant in the Ford Truck.

16.   Texas Commission on Law Enforcement ("TCOLE") training prohibits officers in routine traffic stop, such as a busted tail light and a citizen running a red light from approaching a vehicle with guns pointed at the occupants and with aggressiveness. Officers Hays and Doe, however, approached the passenger side of John Allen's truck, as mentioned with pointed guns. Officer John Doe went to the driver's side of the vehicle with his gun pointed at the driver, also. These officers were not acting with the scope of their discretionary authority while on the beat.

17.     As a matter of fact, Officer Jay Hays falsely accused John Allen of pointing a gun at him. The video says otherwise. (See *Exhibit #1*, *video recording of the incident*)

18.     The passenger's window was rolled down and the driver side window was inoperable, and that is why it was not rolled down. In fact, that is why the officers had to break the window after the shooting, which is visible on the video to get the driver's side window down.   Mr. Allen reached for his wallet. Mr. Allen verbally stated to the officers he was reaching for his wallet, as stated on the video. (See *Exhibit#1)* As Mr. Allen reached for his wallet he posed no threat to the officer as he reached to pull out his wallet and driver's license. Officer Jay Hays instructed Mr. Allen to take his hands out of his pocket and before Mr. Allen could take his hands out of his pocket within thirty-three seconds Officer Jay Hays fired a total of six gun-shots from his City of Houston, Houston Police Department's service issued revolver at Mr. Allen, striking and killing Mr. Allen with five gunshots wound in the anterior right side of the chest, right elbow region, abdomen, face, left hand, as Mr. Allen reached for his wallet and driver's license.

19.     As a veteran, Mr. Allen suffered a total of five gunshot wounds for allegedly a busted tail light and running a red light on the streets of Houston, Texas. Mr. Allen never brandished a gun or any weapon toward the officer, he merely sought to pull

out his pants pocket his wallet and his driver's license.  Blood stains remain on Mr.

Allen's wallet.

20.    Officer Hays informed his law enforcement investigator that Mr. Allen tried

to pull a gun out of his right pocket. While Mr. Allen was pulling his wallet out of

his left back pocket. The video recordings, including the bodycam support the fact

that Mr. Allen never pulled a gun out on officer Jay Hays, John Doe or anyone. (See

*Exhibit #1*, attached and incorporated herein)

21.    Mr. John Allen's truck slammed into a tree after he was shot five times by

Houston Police Officer Jay Hays. The other officer, John Doe who was in closer

proximity to John Allen, on the driver side never fired one gunshot or a taser at Mr.

John Allen.

22.    After the shooting incident, Houston Police officer Jay Hays the shooter,

secured, and cleared the vehicle and stated it was clear. Clear means, clear of all

weapons.  No gun was found in the vehicle immediately after the shooting. A bloody

wallet was found.

23.    Mr.  Allen packed all his personal belongings and planned to move back

home to his father's house, Mr. Sherman Allen on a temporary basis as he overcame

his financial difficulties. Mr. Allen's gun was legally in the back of the cab, stuffed

in between his clothing and not within his pocket, hand, wingspan, visible, reachable

or ever touched during this traffic encounter with law enforcement. Law enforcement were not aware of the presence of a gun until days after the shooting.

24.    Incredibly, Officers Jay Hays and John Doe observed Mr. Allen breathing for thirty minutes after the shootings and did not call an Emergency Medical Service, Houston Fire Department or seek medical personnel for assistance. Rather, the officers, Hays and Doe just waited until the war veteran died on the street in the United States in a country he served.

25.    Mr. Allen suffered excruciating, traumatic pain as he laid on the ground from the five gunshot wounds as indicated by the video and medical examiner's report. And not the four gunshots wounds, Houston Police Officer Jay Hays claims. HPD's investigator claimed that Mr. Allen's injuries were somehow minimized by four gunshots rather than five gunshots when their investigators did not locate two of the six gunshot casing. Later that day, community activist, Quanell X, at a press conference located two of the remaining casing and delivered them to Houston Police Department ("HPD").

26.    Officer Jay Hays's version of the facts became; he pointed a white gun and he felt threatened. The video of the shooting and body camera objectively shows what transpired and the eye witness to the incident Shantell Atteberry fills in the gaps.

27.    The female Ms. Shantell Atteberry watched as the entire incident unfolded and was traumatized as a passenger by the events. To silence Mrs. Atteberry and to

minimize the evidentiary value of her testimony, criminal charges were filed against her. But she saw the events as they unfolded and informed the media ABC channel 13 of the events as described above and on the video. *(See Exhibit#1)*

28.    According to the passenger, Shantell Atteberry, when the police came to the car, he said, 'Let me see [your] ID,' he was reaching for his ID and he sa[id], 'Don't move, don't move.' And he said, 'Let me get my ID, my wallet.' And the police started shooting at him.

## IV.

## VIOLATIONS OF TEXAS CONSTITUTION

29.  Plaintiff re-alleges and restates the factual allegations contained in paragraphs five of this Petition and incorporates each of said paragraphs herein by reference.

30.  Mr. Allen posed no threat of danger to Officer Hays .

Texas Constitutions Article I, Section 19, Deprivation of Life, Liberty, Etc. due course of law. No citizen of this State shall be deprived of life, liberty, property privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land. John Allen was deprived of life by the five-gunshot inflicted upon him by Officer Jay Hays without justification, unreasonably and with excessive force.

## IIV.

## TEXAS WRONGFUL DEATH  UNDER § 42 U.S.C. 1983

31.  Plaintiff re-alleges and restates the factual allegations contained in paragraphs five of this Petition and incorporates each of said paragraphs herein by reference.

32.  Mr. John Allen had no weapon pointed at John Hays or in his hand or in his wingspan or on his person  at any time relevant to this Complaint and his foot was on the brakes of  his truck. His legally carried gun was not in his reach or ever touched by him during the shooting.

33.  Officer Jay Hays was acting under color of law and within the scope of employment as a City of Houston Police Officer at the time of the shooting death of Mr. John Allen.

34.  At said time, on November 4, 2015, Officer Hays at a routine traffic stop shot Mr. John Allen five times, when Mr. Allen posed no threat of danger to Officer Hays, himself or any third party.  Officer Hays violated Mr. Allen's rights and privileges granted to him by the Texas and United States Constitution and 42 U.S. § 1983 by using unjustified, unreasonable and excessive deadly force to seize Mr. Allen who was not under arrest, not  a threat to himself, not a threat to the officer and execute him without a reasonable basis or any legitimate governmental interest.

35. The force used five shots by Officer Hays was unreasonable under the circumstances because Mr. Allen did not point a gun or any weapon and presented

no immediate threat to Officer Hays or others, at the time he was shot five times in the anterior right side of the chest, right elbow region, abdomen, face, left hand.

As a direct and proximate result of such conduct, Mr. Allen has been damaged in various respects including, without limitation, being deprived of his life, the companionship and joy of his family, and pre-death pain and suffering and fright, all resultant and attributable to the deprivation of his constitutional and statutory rights guaranteed by the Texas Constitution and the Fourth Amendment of the Constitution of the United States and protected under 42 U. S. C. § 1983. These claims now belong to the estate of John Allen Sr., of which John Allen Jr. is seeking to become the personal representative.

36. Additionally, because of the actions of Officer Hays, Mr. Allen has been damaged in various aspects, including but without limitation, being deprived of his life, and suffering pre-death pain, suffering and fright, all resultant and attributable to the deprivation of his constitutional and statutory rights guaranteed by the Texas and Fourth Amendment and 42 U.S.C. § 1983. In that regard, the Estate of John Allen sues on behalf of John Allen for the injuries he suffered.

37. The conduct of Officer Hays violated clearly established constitutional rights of which reasonable officers knew or should have known. It has been the law for at least the last 28 years that the use of deadly force in a routine traffic stop for

running a red light and busted tail light without probable cause to believe that the suspect poses a significant threat or death or serious physical injury.

IIIV.

## TEXAS SURVIVORSHIP ACTION UNDER 42 U.S.C. § 1983

38. Plaintiff re-alleges and restates the factual allegations contained in paragraphs five of this Petition and incorporates each of said paragraphs herein by reference.

39. Jay Hays was acting under color of law and within the scope of employment as a City of Houston Police Officer at the time of the shooting death of Mr. John Allen.

40. At said time, on November 4, 2015 Officer Hays at a routine traffic stop shot Mr. John Allen five times, when Mr. Allen posed no threat of danger to Officer Hays, himself or any third party. Officer Hays violated Mr. Allen's rights and privileges granted to him by the Texas and United States Constitution and 42 U.S.C. § 1983 by using unjustified, unreasonable and excessive force to seize Mr. Allen and execute him without reasonable basis or any legitimate governmental interest

41. The force used five shots by Officer Hays was unreasonable under the circumstances because Mr. Allen did not point a gun or any weapon and presented no immediate threat to Officer Hays or others, at the time he was shot five times in the anterior right side of the chest, right elbow region, abdomen, face, left hand.

As a direct and proximate result of such conduct, Mr. Allen has been damaged in various respects including, without limitation, being deprived of his life, the companionship and joy of his family, and pre-death pain and suffering and fright, all resultant and attributable to the deprivation of his constitutional and statutory rights guaranteed by the Texas Constitution and the Fourth Amendment of the Constitution of the United States and protected under 42 U.S.C. §1983. These claims now belong to the estate of John Allen Sr., of which John Allen Jr. is seeking to become the personal representative.

42. Additionally, because of the actions of Officer Hays, Mr. Allen has been damaged in various aspects, including but without limitation, being deprived of his life, and suffering pre-death pain, suffering and fright, all resultant and attributable to the deprivation of his constitutional and statutory rights guaranteed by the Texas Constitution, Texas Wrongful Death Statute-- 42 U.S.C. § 1983, Texas Survivorship Statute –42U.S.C. § 1983 and the and Fourth Amendment. In that regard, the Estate of John Allen et. al. sues on behalf of John Allen for the injuries he suffered.

43. The conduct of Officer Hays violated clearly established constitutional rights of which reasonable officers knew or should have known. It has been the law for at least the last 28 years that the use of deadly force in a routine traffic stop for running a red light and busted tail light without probable cause to believe that the suspect poses a significant threat or death or serious physical injury.

IX.

## *MONELL* CLAIMS, POLICY, PRACTICES, CUSTOM AND PROCEURE RATIFICATION

44. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

45. Plaintiff had his rights violated and was injured due to the polices, practices, customs and procedures of City of Houston, Texas including at least:

a.   failure to train its officers and employees;

b.   failure to discipline employees;

c.   failure to supervise

d.   After the investigation of this incident the City of Houston did not disciple any one for a policy violation thereby ratifying the conduct as set forth above.

## IIX.
## VIOLATIONS OF THE FOURTEENTH AND FOURTH AMENDMENT'S PROHIBITION AGAINST USE OF EXCESSIVE FORCE, AND INADEQUATE MEDICAL CARE

46. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

47. Mr. Allen had his hand in his front right pocket as he reached for his wallet. Mr. Allen verbally stated to the officers he was reaching for his wallet, as stated on the video. (See Exhibit#1) As Mr. Allen reached for his wallet and posed no threat to the officer. Officer Jay Hays instructed Mr. Allen to take his hands out of his pocket and before Mr. Allen could take his hands out of his pocket within

thirty-three seconds Officer Jay Hays fired a total of six gun-shots from his City of Houston, Houston Police Department's service issued revolver at Mr. Allen, striking and killing Mr. Allen with five gunshots wound in the anterior right side of the chest, right elbow region, abdomen, face, left hand, as Mr. Allen reached for his wallet and driver's license.

The unreasonable force was used to punishment without due process of law, five shots by Hays was unreasonable under the circumstances because Mr. Allen never removed his hand from his pocket and did not point a small caliber revolver with a white handle or any weapon at any individual and presented no immediate threat to Hays or others, at the time he was shot five times in the anterior right side of the chest, right elbow region, abdomen, face, left hand.

As a direct and proximate result of such conduct, Mr. Allen has been damaged in various respects including, without limitation, being deprived of his life, the companionship and joy of his family, and pre-death pain and suffering and fright, all resultant and attributable to the deprivation of his constitutional and statutory rights guaranteed by the Texas Constitution and the Fourth Amendment of the Constitution of the United States and protected under 42 U.S.C. § 1983. These claims now belong to the estate of John Allen Sr., of which John Allen Jr. is seeking to become the personal representative.

Additionally, because of the actions of Hays, Mr. Allen has been damaged in various aspects, including but without limitation, being deprived of his life, and

suffering pre-death pain, suffering and fright, all resultant and attributable to the deprivation of his constitutional and statutory rights guaranteed by the Texas and Fourth Amendment and 42 U.S.C. § 1983. In that regard, the Estate of John Allen sues on behalf of John Allen for the injuries he suffered.

48. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

49. Mr. John Allen's Fourth Amendment through the Fourteenth Amendment right to free of excessive force was violated when Jay Hays acted with deliberate indifference to his rights, by shooting him five times during a routine traffic stop.  In addition to the excessive force claims, Officer Hays acted with deliberate indifference to Mr. Allen's serious medical needs, after he witnessed the debilitating effects of the five-gun shots and failed to call Emergency Medical Services, an ambulance, treatment or medical assistance and by refusing and failing to call anyone to transport Mr. Allen to a hospital. But elected to wait approximately thirty minutes as he watched the war veteran die, in violation of the Fourth Amendment through the Fourteenth Amendment.

## TEXAS TORT CLAIMS ACT

Undersigned counsel sent an evidence retention and notice letter under the Texas Tort Claims Act November 3, 2017 (***Exhibt#2***) Neither City of Houston nor any city employee or agent offer any compensation to Mr. Allen's sole heirs sons: John Allen Jr. and Lawon Allen  or the Estate of John Allen, Sr. City of Houston investigated the incident and is aware of all the facts in the preceding paragraphs herein.

Plaintiff incorporates all previous paragraphs as if set forth fully herein. City of Houston is liable under the Texas Tort Claims Act, for plaintiff's damages.

### IVX.
### REQUEST FOR DISCLOSURE

50. Plaintiff requests that Defendants, after being duly served with this petition, disclose the information in Tex. R. Civ. Pro. 192.3, within 30 days.

### VX.
### JURY DEMAND

51. Plaintiff demands trial by jury on all issues triable to a jury.

### VIX.
### DAMAGES

52. Award damage to Plaintiff for the violations of his, state and United States. Constitutional rights.

53. Award pre-judgment and post-judgment interest.

54. Finding that Plaintiff is the prevailing party in this case and award attorney's fees, expert fees and costs, pursuant to state and federal law, as noted against defendants.

## VIIX.
## PUNTIVE DAMAGES

55. Plaintiff incorporates the preceding paragraphs as if fully set forth herein. All individual sued are liable for punitive damages as they were deliberately indifferent to John Allen Sr.'s constitutional rights and they did the acts knowingly, such acts (shooting a citizen within thirty-three seconds of a traffic stop) being extreme and outrageous and shocking to the conscious.

## VIIIX.
## ATTORNEY'S FEES

56. Plaintiff is entitled to recover reasonable attorneys' fees and costs to enforce his Constitutional rights under 42 U.S.C. § 1983 and 1988 from Defendants. Attorney's fees under Texas Civil Practices and Remedies Code 38.0001.

## XIX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' Estate of John Allen Sr., John Allen Jr. and Lawon Allen request that the Court:

A. Enter judgment for Plaintiff against Officers Jay Hays, John Doe, City of Houston and each and every individually named defendant.

B. Find that Plaintiff is the prevailing party in this case and award attorney's fees, expert fees and costs, pursuant to state and federal laws, as noted against defendants.

C. Award damages to Plaintiff for the violations of his state and Constitutional rights. Including actual damages, pain and suffering and mental anguish.

D. Award Pre- and post-judgment interest.

E. Award Punitive damages against all individually named defendants; and

F. Grant such other and further relief as appears reasonable and just, to which, Plaintiff's shows himself entitled.

G. All other relief to which plaintiff is entitled; and Plaintiff seek to recover all costs, expenses, expert fees including reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of appeals and the Supreme Court of Texas/U.S. Supreme Court deems equitable and just.

Respectfully submitted,

LAW OFFICE OF DEBRA
JENNINGS
/s/ *Debra V. Jennings*
Debra V. Jennings

State Bar of Texas No. 10631850
6140 HWY 6, # 269
Missouri City, Texas 77459 (832)
904-4666
(1-832) 442-3700
lawyerdvj@gmail.com
Lead Attorney

THE LEWIS LAW GROUP
/s/ *U.A. Lewis*
U.A. Lewis
State Bar of Texas No.24076511
99 Detering Suite # 101
Houston, Texas 77002
(713) 570-6555
(713) 581-1017
*myattorneyatlaw@gmail.com*