IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN ALLEN, JR. LAWON ALLEN, JR, § <br> DECEDENT'S SURVIVING HEIRS AND § <br> AS REPRESENTATIVES OF THE § <br> ESTATE OF JOHN ALLEN, SR., § <br> DECEASED, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> JAY HAYS, HOUSTON POLICE OFFICER, § <br> IN HIS INDIVIDUAL CAPACITY, § <br> UKNOWN DEFENDANTJOHN DOE, § <br> HOUSTON POLICE OFFICER, IN HIS § <br> INDIVIDUAL CAPACITY AND THE CITY § <br> OF HOUSTON, § <br>     Defendants. § | Civil Case No.: 4:18-cv-00171 |

**ORDER FOR ENTRY OF PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

On this day, the Court considered the agreed motion for entry of protective order filed by the Defendants J.T. HAYES and CITY OF HOUSTON ("City Defendants"). After hearing argument of parties and considering the evidence, the Court is of the opinion that said motion should be GRANTED. It is therefore ORDERED and DECREED that:

1. All internal Houston Police Department files, including but not limited to internal affairs division files, and/or other investigatory files, offense reports, training files, personnel files, and other similar documents that are produced by the City Defendants to the parties in this lawsuit are solely for use by the parties in the above referenced lawsuit. In addition, all personnel files produced by the City Defendants in this lawsuit are to be used solely by the parties in this lawsuit. Home addresses, phone numbers, social security numbers, and other similar personal information of the defending officer will be redacted from the above files prior to production.

2. Said files and any portion thereof are to be used by the parties, their attorneys, staff, experts, court reporters, and any person associated with the parties and their representatives in reference to this lawsuit only. These documents and/or files are not to be disclosed, produced to, or discussed with, anyone not authorized by this order. All persons, other than the parties, their attorneys and/or City Defendants' representatives, agents and/or employees, who are authorized to gain access to said files or their contents pursuant to this order, will execute the declaration of confidentiality and non-disclosure. This requirement includes but is not limited to retained and/or consulting experts. All documents produced by the City Defendants to any party will be returned by each receiving party to the City Defendants, depending on who produced same, within sixty (60) days of the conclusion of this litigation.

3. If any of the parties, their attorneys or witnesses, expert or factual, violate or facilitate in the violation of this protective order, the violating party and/or his attorney is precluded from using the document(s) or item(s) that were the subject of the violation in any matter, hearing, or trial in this lawsuit, and this Court may issue additional sanctions against the offending party or parties.

4. The production of these files by the City Defendants is not a waiver of any objections to the admissibility and/or use of any portion of the files at trial or at any proceeding in this lawsuit, including any pre-trial or dispositive motion proceeding.

5. The said files or any portion thereof must be submitted to the Court under seal when filed in conjunction with a pre-trial motion or any other matter.

6. Inadvertent production of any privileged or confidential document and/or information (hereinafter "inadvertent production") is not and does not constitute waiver of any privilege or confidentiality.

7. The party receiving any inadvertent production shall immediately notify the City Defendants' counsel, who produced same, of the inadvertent production and return the subject document(s) or item(s) within five (5) business days of discovering same.

8. Upon request by the City Defendants, the receiving party will return any inadvertent production within five (5) days of the City Defendants' request for same.

9. In addition to immediate notification and the return of the inadvertent production, the receiving party will provide a written list of all persons who received, accessed, or reviewed the inadvertent production within five (5) days of discovering same or upon the City Defendants' request for the return of the inadvertent production.

10. Materials inadvertently produced cannot be used as evidence in any proceeding.

11. This protective order will remain in effect until further order of this Court.

SIGNED AND ENTERED on this the _____ day of _____, 2018.

_____
Lynn Hughes
United States District Judge