United States District Court	Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
August 17, 2018
David J. Bradley, Clerk

John Allen, Jr., et al., § § § Plaintiffs, § § versus § Civil Action H-18-171 § Justin Hays, et al., § § Defendants. §

## Opinion on Dismissal

1. *Background.*

On November 4, 2015, at 12:42 a.m., John Allen, Sr., was driving his truck. Shanell Arterberry was sitting in the passenger seat. Allen ran either a red light or a stop sign. He was stopped by two city of Houston police officers, Justin Hayes and Tyler Salina. Hayes is apparently the correct spelling. Hayes approached the passenger side and Salina, the driver side of Allen's truck. Both were dressed in their uniforms and had their weapons drawn. The window on the driver side apparently malfunctioned and would not open. Allen and Hayes talked through the open passenger-side window. Allen reached into his pocket, saying that he was getting his wallet. Hayes told him to remove his hand from his pocket and to stop reaching. Allen kept his hand in his pocket, fishing for something. They repeated this exchange several times, then Hayes shot Allen five times.

The officers reported the incident to the precinct, and more officers arrived. Approximately four minutes and thirty seconds after the shooting, the officers called the fire department for emergency medical care. Allen later died.

The relevant events were captured in two videos – one from Hayes's body camera and one from Salina's body camera. The complaint describes the videos, and the court considers them in its decision.

Allen's estate and his two sons – John Allen, Jr., and Lawton Allen – sued the city of Houston, Hayes, and Salina.

2. *Service.*

This case was filed in state court on November 3, 2017, but Salina has not been served after ten months. He will be dismissed.

3. *Excessive Force.*

To find Hayes qualifiedly immune, the court – looking at the facts in the light most favorable to Allen – decides whether he violated a constitutionally protected right.[1] Allen has a right to be free from excessive force. Whether Hayes used excessive force depends on whether he acted objectively reasonably.[2]

Hayes's shooting Allen was reasonable. Allen stopped his truck halfway onto a curb. When Hayes arrived at the open passenger-side window, he saw Allen reaching – unprompted – into his pocket and told him to take his hand out of his pocket and stop reaching. Allen said that he was getting his wallet and pressed the accelerator. Hayes told him to take his foot off of it. Hayes had no way of knowing what was in Allen's pocket. He told Allen several times to stop reaching and to take his hand out of his pocket. Allen did not. Hayes thought that he saw the handle of a gun in Allen's pocket, so he shot him.

In her initial statement, Arterberry said that she also thought she saw the handle of a gun in Allen's pocket. She later said otherwise. She cannot testify one way and then another. Allen actually had a wallet in his pocket, but Hayes did not know and could not have known that at the time. A reasonable officer could have concluded that Allen was reaching for a weapon and was ignoring the officer's instructions because he intended to harm him.

4. *Wrongful Death.*

Because Allen would not have had a claim against the officers, neither do his beneficiaries, Lawton Allen and John Allen, Jr.

---

[1] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[2] *See Graham v. Connor, et al.*, 490 U.S. 386 (1989).

5. *Texas Tort Claims Act.*

Although it is difficult to tell from the pleadings, the court determines that the tort in question would be battery – the shooting. Battery is an intentional tort for which the state has not waived immunity. Houston, therefore, is immune.

6. *Texas Constitution.*

A private right of action for money damages is not available for violations of the Texas Constitution.[3]

7. *City of Houston.*

The estate and the sons recite a list of theories of what Houston has done to cause its officers to use excessive force and delay medical care. These theories include not training officers, not supervising them, and enforcing a "code of silence."

To support their claim of delaying medical care, they offer two instances when they say that the police took too long to call the ambulance.

The estate and the sons include in their complaint statistics without context. For instance, they say that approximately 400 Houston police officers have been "involved" in killing or injuring civilians since January of 2004. They do not set a criterion for what it means to be "involved." That datum is meaningless without knowing how many police officers work for the city, how many police officers have been "involved" in killing or injuring civilians in cities of comparable size, and the total number of calls per officer in that time period.

They also relay several stories of Houston police officers' killing and injuring civilians over the last 20 years. These include some shootings during traffic stops but also range from prison beatings to off-duty fights to withholding video. In several stories, they include unsupported inferences of the motives of the people involved.

---

[3] *See City of Beaumont, et al., v. Bouillion, et al.,* 896 S.W.2d 143 (Tex. 1995).

According to them, only one Houston police officer has been indicted for killing a civilian since 2004. They say this means that Houston has behaved with the deliberate indifference required for a failure-to-train claim.[4] The estate and the sons, however, also allege that Hayes's actions were inconsistent with his training and that the other officers with whom Allen had previously interacted had behaved reasonably.

Nothing supports the inference that this possibly irresponsible behavior is the policy or custom of the Houston police department.[5] That the city has announced its plan to form a new group to review shootings by officers does not necessarily imply bad behavior – it might suggest responsible behavior. A list of every imaginable theory of responsibility plus a variety of anecdotes of unknown origin does not a plausible claim make for Allen's case.

8.  *Punitive Damages.*

The estate and the sons have given the court no data to support their claims. They cannot recover punitive damages.

9.  *Conclusion.*

John Allen, Jr., Lawton Allen, and the estate of John Allen, Sr., take nothing from Justin Hayes, Tyler Salina, and the city of Houston.

Signed on August 16, 2018, at Houston, Texas.

*[signature]*

Lynn N. Hughes
United States District Judge

---

[4]*City of Canton, Ohio v. Harris, et al.*, 489 U.S. 378 (1989).

[5]*Monell, et al., v. Department of Social Services of the City of New York, et al.*, 436 U.S. 658 (1978).