**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN ALLEN, JR.,** | § | |
| **INDIVIDUALLY, AND AS A** | § | |
| **REPRESENTATIVE OF THE** | § | |
| **ESTATE OF JOHN ALLEN** | § | |
| **LAWTON ALLEN, SHERMAN** | § | |
| **ALLEN, AND MARTHA VAUGHN** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Case No.: 4:18-cv-00171** |
| | § | |
| **CITY OF HOUSTON, TEXAS** | § | |
| **JUSTIN THOMAS HAYES,** | § | |
| **Individually, APRIL PALATINO,** | § | |
| **Individually, M. ARROYO** | § | |
| **Individually, and DIEGO MORELLI,** | § | |
| **Individually** | § | |
| *Defendants.* | § | |

**DEFENDANT JUSTIN HAYES'S
ANSWER,  DEFENSES, AND JURY DEMAND
TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Justin Hayes ("Defendant" or "Hayes") and files this his answer to Plaintiffs' Second Amended Complaint (Corrected) [Doc. 61].  In support thereof, Defendant would respectfully show this Court as follows:

1.     With respect to the allegations in paragraph 1, Defendant admits that the City of Houston and he are defendants in this lawsuit but denies that either is liable to Plaintiffs and further denies that he violated  any constitutional rights or state laws with respect to John Allen, Sr. ("Allen").

2.     With respect to the allegations in paragraph 2, Defendant admits while on uniform patrol, he observed John Allen, Sr., ("Decedent" or "Allen") operate a Ford truck which failed to stop at a stop sign.  During the subsequent traffic stop, Allen reached for a pistol in his right pants pocket,

Defendant ordered him to stop reaching and fired four shots when Allen continued to draw his pistol.  Defendant denies that he violated any rights under the Constitution.

3.      With respect to the allegations in paragraph 3, Defendant the allegations as stated, admits he shot four times in self-defense and defense of others, denies that he (Hayes) discharged his weapon at point blank range, further denies he (Hayes) was without lawful justification and further denies Allen was unarmed.

4.      Defendant is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 4, except he admits he observed Decedent run a stop sign at Drew and Briley Streets.  To the extent that further response is required to paragraph 4, it is denied.

5.      Defendant denies the allegations in paragraph 5, but admits Salina ordered Allen to roll down his driver's window which Allen did not do.

6.      Defendant denies the allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7, and further denies the implied allegation that he committed any wrongful or illegal act.

8.      Defendant denies as stated, the allegations in paragraph 8, except he admits he was no billed by a grand jury for the shooting incident of November 4, 2015.

9.      Defendant admits the allegations in paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     Defendant denies the allegations in paragraph 11, except that he admits he complied with all rules with respect to the November 4, 2015 incident.

12.     Defendant denies as stated the incomplete allegations in paragraph 12, and further denies the implication that he transgressed any rules during the incident of November 5, 2015.

13.     Defendant denies as stated the allegations in paragraph 13, but admits he received a hostile engagement award.

14.     With respect to the allegations in paragraph 14, Defendant denies the allegations, as stated, denies that Allen was unarmed, and further denies implied allegations that this incident was part of a pattern of wrongful police conduct.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 16.

17.     Defendant denies the allegations in paragraph 17.

18.     Defendant is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraph 18 with respect to Allen's Army service and mental illness and denies the remaining allegations.

### PARTIES AND SERVICE

19.     Defendant is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraphs 1-5, except he denies that they are entitled to damages under state and federal law.

20.     In answer to paragraph 6, Defendant admits the City of Houston operates the Houston Police Department and employed and employs Hayes but denies that the City is liable in any respect to Plaintiffs.

21.     In answer to paragraph 7, Hayes admits he acted under color of law and within the course and scope of his employment during the November 4, 2015 Allen incident.  To the extent the allegations call for a legal conclusion, no answer is required.  Hayes began his employment in 2010.

22.     In answer to paragraphs 8-10, the allegations do not pertain to Hayes, and no answer is required.  To the extent an answer is required, Hayes admits that Arroyo, Morelli and Palatino are Houston police officers.

23.     In answer to paragraph 11, Hayes admits that this Court has subject matter jurisdiction, but denies that he is liable for any violation of constitutional or state law.

24.     In answer to paragraph 12, Hayes admits that venue is proper.

25.     In answer to paragraph 13, Defendant admits that Plaintiffs sue for constitutional and state law claims but denies that they are entitled to any relief.

26.     In answer to paragraph 14, to the extent the allegations is a legal conclusion.  No answer is required.  Should an answer be required, Defendant admits that on November 4, 2015 Allen had rights under both the Fourth and Fourteenth Amendments which were not violated.

27.     In answer to paragraph 15, Defendant denies that Allen was known by him to be a mentally ill Army veteran, but admits he and Salina stopped Allen's truck for running a stop sign and other traffic law violations on the evening of November 4, 2015.

28.     In answer to paragraph 16, Defendant admits that Shannell Arterberry was a passenger in Allen's truck on the evening of November 4, 2015.

29.     In answer to paragraph 17, Defendant admits that Salina approached the driver's side and that Allen did not roll down that window; Hayes approached the passenger side, which window was rolled down.

30.     In answer to paragraph 18, Defendant denies as stated the allegations, admits that he and Salina were wearing their police uniforms and that Allen did not comply with their commands to roll the window down and stop reaching in his pocket.

31.     Hayes denies the allegations in paragraph 19.

32.     In answer to paragraph 20, Hayes denies that he and Salina approached the truck with guns drawn, but admits that Salina ordered Allen to roll down the driver's window.

33.     Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in in paragraph 21.

34.     Hayes denies the allegations in paragraph 22.

35.     Hayes denies as stated the allegations in paragraph 23, but admits he ordered Allen to stop reaching and get his foot off the accelerator, and that Arterberry was seated in the passenger seat.

36.     Hayes denies the allegations in paragraph 24.

37.     Hayes denies as stated the allegations in paragraph 25, denies that Allen produced identification, but admits that as Allen pulled his pistol out,  Hayes ordered Allen to stop moving, stop reaching and get his foot off the gas (accelerator).

38.     Hayes denies as stated the allegations in paragraph 26, but admits Allen was depressing the accelerator during the traffic stop and immediately drove off after Hayes responded to Allen's threatened use of Allen's deadly weapon (hist pistol).

39.     Hayes denies as stated the allegations in paragraph 27, but admits he ordered Allen to stop pulling, stop reaching in his pocket.

40.     Hayes denies the allegations in paragraph 28.

41.     Hayes denies the allegations in paragraph 29.

42.     Hayes denies as stated the allegations in paragraph 30, except he admits he discharged his weapon four times as Allen drew his pistol from his pants pocket.

43.     Hayes denies the allegations in paragraph 31, except he admits he discharged his weapon four times in response to Allen's threatened use of deadly force.

44.     Hayes denies the allegations in paragraph 32.

45.     In answer to paragraph 33. Hayes admits he did not state what force options he would employ in response to Allen's threatened use of deadly force, but denies the allegations as stated, because by presence and verbal commands, Hayes used lesser force options to no avail.

46.     Hayes denies the allegations in paragraph 34, and is without sufficient facts or knowledge to form a belief about the truth of the allegations concerning a taser.

47.     Hayes denies the allegations in paragraph 35.

48.     Hayes denies the allegations in paragraph 36.

49.     Hayes denies as stated the allegations in paragraph 37, and admits that Allen drew his pistol out of his pocket.

50.     Hayes denies the allegations in paragraph 38, but admits he repeatedly ordered and warned Allen to stop reaching and told Allen "that's not a wallet."

51.     To the extent that Hayes warned Allen to stop reaching, Hayes denies the allegations in paragraph 39.

52.     Hayes denies the allegations as stated in paragraph 40, but admits that the encounter from the first commands up until the use of deadly force lasted less than 30 seconds.

53.     Hayes denies the allegations in paragraph 41, but admits that the listed officers did not search the vehicle for Allen's pistol.

54.     Hayes denies the allegations in paragraph 42, but admits that Allen did not shoot anyone during the incident on November 4, 2015.

55.     Hayes denies as stated the allegations in paragraph 43, but admits he fired four shots at Allen and that multiple officers soon arrived at the scene.

56.     Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 44, except Hayes admits he did not perform life saving measures upon Allen.

57.     Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 45 as to officer Morelli, but admits that the Hayes did not provide medical aid to Allen before EMS's arrival.

58.     Hayes denies as stated the allegations in paragraph 46, but admits that police officers tactically approached the Allen truck prior to removing Allen from the vehicle.

59.     Hayes denies as stated the allegations in paragraph 47, but admits officer Baker broke the driver's window with his knife and officer Morelli removed Allen from the vehicle after Hayes discharged four rounds in self-defense and defense of others.

60.     Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 48.

61.     Hayes denies the allegations in paragraph 49.

62.     Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 50.

63.     Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 51, but recalls paramedics arrived at the scene.

64.     In answer to paragraph 52, Hayes denies as stated the allegations but admits that Allen was wounded.

65.     In answer to paragraph 53, Hayes denies the allegations as stated but admits that Allen drove off after Hayes discharged four rounds in response to Allen's threat of deadly force.

66.     Hayes denies as stated the allegations in paragraphs 54 and 56.

67.    Hayes denies the allegations in paragraph 55.

68.    In answer to paragraph 57, Hayes admits officer Alton Baker arrived at the scene and is without sufficient facts or knowledge to form a belief about the truth of the remaining allegations contained in paragraph 57.

69.    In answer to paragraph 58, Hayes admits officer Matthew J. Hurban arrived at the scene and is without sufficient facts or knowledge to form a belief about the truth of the remaining allegations contained in paragraph 58.

70.    Hayes denies the allegations in paragraph 59.

71.    Hayes denies the allegations in paragraph 60.

72.    Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 61.

73.    Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 62.

74.    Hayes denies the allegations as stated in paragraph 63 but admits he received a hostile engagement award for his response to Allen's threat of deadly force.

75.    In answer to paragraph 64, Hayes admits he was promoted to Sergeant after the incident but denies that the incident was a reason for his promotion.

76.    Hayes admits the allegations in paragraph 65.

77.    Hayes admits the allegations in paragraph 66.

78.    Hayes admits the allegations in paragraph 67, except he is without sufficient facts or knowledge to form a belief about the truth of the allegations concerning a taser.

79.      Hayes admits that Allen drove his truck with Arterberry as a passenger but is without sufficient facts or knowledge to form a belief about the truth of the remaining allegations contained in paragraph 68.

80.      Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraphs 69, 70 and 71.

81.      Hayes denies the allegations in paragraphs 72 and 73.

82.      In answer to paragraph 74, Hayes admits that Allen had a right to lawfully operate his truck which he failed to do and further denies that Allen was detained, discriminated against or profiled based upon his race or mental illness.

83.      Hayes admits the allegations in paragraph 75.

84.      Hayes admits the allegations in paragraph 76.

85.      Hayes denies the allegations in paragraph 77.

86.      Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 78.

87.      Hayes denies the allegations in paragraph 79 and specifically denies that the traffic stop was without any lawful basis.

88.      Hayes denies the allegations in paragraphs 80 and 81.

89.      Hayes denies as stated the allegations in paragraph 82,  but admits that Allen's traffic violations were the purpose of the traffic stop.

90.      Hayes denies the allegations in paragraph 83.

91.      In response to paragraph 84, Hayes admits that Salina approached the driver's side but denies as stated the remaining allegation.

92.     In response to paragraph 85, Hayes admits that Salina commanded Allen to roll his window down and denies the remaining allegation.

93.     Hayes denies the allegations in paragraph 86.

94.     Hayes denies as stated the allegations in paragraph 87 but admits that as Allen reached for and pulled out a pistol, Hayes gave loud and direct commands to stop pulling and reaching.

95.     Hayes denies as stated the allegations in paragraph 88 but admits that Allen was noncompliant.

96.     Hayes denies the allegations in paragraphs 89, 90, 91 and 92.

97.     In response to paragraphs 93 and 94, Hayes denies he was poorly trained by HPD and further denies that Allen demonstrated or exhibited any indicia or signs of mental illness.

98.     Hayes admits the allegations in paragraph 95, but denies that such measures were permitted due to Allen's immediate threat of deadly force.

99.     Hayes denies as stated the allegations in paragraph 96, but admits Allen was pulling a pistol out of Allen's right pants pocket.

100.    Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 97.

101.    Hayes denies the allegations in paragraph 98.

102.    Hayes denies as stated the allegations in paragraph 99.

103.    Hayes denies as stated the allegations in paragraph 100, but admits she said "don't sh."

104.    Hayes  denies the allegations in paragraph 101, but admits he discharged four shots in response to Allen's threatened use of deadly force.

105.    Hayes denies as stated the allegations in paragraph 102, but admits that Allen was seated behind the steering wheel.

106.    Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraph 103, except he discharged four shots in response to Allen's threat of deadly force.

107.    Hayes denies the allegations in paragraph 104.

108.    Hayes denies the allegations in paragraphs 105 and 106.

109.    In answer to paragraphs 107 and 108, Hayes admits that Arterberry was detained and handcuffed and is without sufficient facts or knowledge to form a belief about the truth of the remaining allegations.

110.    Hayes admits the allegations in paragraph 109.

111.    In answer to paragraph 110, Hayes is without sufficient facts or knowledge to form a belief about the truth of the remaining allegations.

112.    In answer to paragraph 111, Hayes denies the allegations as stated, and admits that EMS were called to the scene after Allen's truck had collided with a tree and Allen had been removed from the truck; Hayes is without is without sufficient facts or knowledge to form a belief about the truth of the remaining allegations.

113.    Hayes is without is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraph 112.

114.    Hayes admits that HFD arrived on the scene and is without sufficient facts or knowledge to form a belief about the truth of the remaining allegations in paragraph 113.

115.    In answer to paragraph 114, Hayes admits that Salina did not fire his weapon but denies that Salina was able to view the right side of Allen where Allen's gun was located.

116.    In answer to paragraph 115, Hayes denies that he shot Allen for a minor traffic offense or that he was an unreasonable officer.

117.    Hayes denies the allegations in paragraph 116.

118.    In answer to paragraph 117, Hayes denies that Allen attempted to produce his id and wallet and that Hayes was an unreasonable officer.

119.    In answer to paragraph 118, Hayes denies that his was an unjustified use of deadly force and is without sufficient facts or knowledge to form a belief about the truth of the remaining allegations.

120.    In answer to paragraphs 119 and 120, Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations,

121.    Hayes denies as stated the allegations in paragraph 121.

122.    In answer to paragraphs 122, 123, 124, and 125, Hayes denies the allegations and denies that he fired five gunshots during the incident.

123.    Hayes denies the allegations in paragraphs 126-127.

124.    Because the allegations in paragraphs 128-137 pertain to the City and not to Hayes, no answer is required.  To the extent an answer is required, Hayes denies that the City improperly disciplined its police officers.

125.    Hayes denies the allegations in paragraphs 138-142.

126.    Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraph 143.

127.    Hayes denies as stated he allegations in paragraph 144.

128.    Hayes denies the allegations in paragraph 145.

129.    Hayes denies as stated the allegations in paragraph 146 and 147 but admits that the white handled pistol was observed by officer Arroyo during a walk through.

130.    Hayes denies the allegations in paragraph 148.

131.    Hayes denies the allegations in paragraph 149-152.

132.    Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraphs 153-154.

133.    Hayes denies the allegations in paragraph 155.

134.    Hayes denies as stated the allegations in paragraph 156.

135.    In answer to paragraph 157, Hayes admits he was not disciplined for this incident and denies the remaining allegations and implied allegations.

136.    Hayes admits the allegations in paragraphs 158 and 159.

137.    In response to paragraph 160 Hayes admits that he was not disciplined or fired and further denies that he "killed" Allen but admits that he used deadly force in response to Allen's threat of deadly force.

138.    Hayes admits the allegations in paragraph 161, except for the  word, "likewise" which is misleading and in response to which Hayes denies that he should have been disciplined or fired.

139.    In response to paragraph 162, Hayes denies that he killed Allen but admits that he has not been disciplined by HPD.

140.    Hayes admits the allegations in paragraph 163.

141.    In response to paragraph 164, Hayes admits he received a hostile engagement award for this incident but denies the remaining allegations.

142.    In response to paragraph 165, Hayes admits that he was promoted in compliance with all civil service requirements and not because of this incident.

143.    Hayes denies the allegations in paragraph 166.

144.    In response to paragraph 167, Hayes admits that he acted under color of law.

145.    Hayes denies the allegations in paragraphs 168, 169, 170, 171, 172 and 173.

146.    To the extent that Plaintiff has made no allegations in paragraph 174 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 173 of Plaintiff's Second Amended Complaint.

147.    Hayes denies the allegations in paragraph 175.

148.    Hayes denies as stated the allegations in paragraph 176.

149.    Hayes denies the allegations in paragraph 177.

150.    To the extent that Plaintiff has made no allegations in paragraph 178 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 177 of Plaintiff's Second Amended Complaint.

151.    Hayes denies the allegations  in paragraphs 179-183.

152.    To the extent that Plaintiff has made no allegations in paragraph 184 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 183 of Plaintiff's Second Amended Complaint.

153.    Hayes denies the allegations in paragraph 185, except he admits that Allen drove off after the deadly force encounter and his truck struck a tree.

154.    Hayes denies the allegations in paragraphs 186, 187, 188, 189, 190, 191, 192, 193 and 194.

155.    To the extent that Plaintiff has made no allegations in paragraph 195 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 194 of Plaintiff's Second Amended Complaint.

156.    In response to paragraph 196, Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations.

157.    Hayes denies the allegations in paragraph 197.

158.     Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraphs 198-206.

159.     To the extent that Plaintiff has made no allegations in paragraph 207 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 206 of Plaintiff's Second Amended Complaint.

160.     Paragraphs 208 and 209 state a legal proposition and no answer is required.  To the extent an answer is required, Hayes denies he interfered with any Due Process Clause rights.

161.     Hayes denies the allegations in paragraphs 210, 211, 212, 213, 214 and 215.

162.     To the extent that Plaintiff has made no allegations in paragraph 216 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 215 of Plaintiff's Second Amended Complaint.

163.     Hayes denies the allegations in paragraphs 217, 218 and 219.

164.     To the extent that Plaintiff has made no allegations in paragraph 220 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 219 of Plaintiff's Second Amended Complaint.

165.     Hayes denies the allegations in paragraphs 221 and 222.

166.     To the extent that Plaintiff has made no allegations in paragraph 223 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 222 of Plaintiff's Second Amended Complaint.

167.     Hayes denies the allegations as stated in paragraphs 224, 225, and 226.

168.     To the extent that Plaintiff has made no allegations in paragraph 227 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 226 of Plaintiff's Second Amended Complaint.

169.   Hayes denies the allegations in paragraph 228.

170.   Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraphs 229 and 230.

171.   To the extent that Plaintiff has made no allegations in paragraph 231 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 230 of Plaintiff's Second Amended Complaint.

172.   Hayes denies the allegations in paragraph 232.

173.   To the extent that Plaintiff has made no allegations in paragraph 233 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 232 of Plaintiff's Second Amended Complaint.

174.   Hayes denies the allegations in paragraph 234.

175.   Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraphs 235 and 236.

176.   Hayes denies the allegations in paragraphs 237 and 238.

177.   To the extent that Plaintiff has made no allegations in paragraph 239 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 238 of Plaintiff's Second Amended Complaint.

178.   Hayes denies the allegations in paragraph 240(a) and (b), 241, 242, 243, 245, 246 and 248.

179.   Hayes admits the allegations in paragraphs  247, 249, 250.

180.   Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraphs 244 and 252.

181.   In answer to paragraph 251, Hayes admits he was never interrogated but did answer live questions during the walk through.

182.   Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraphs 253, 254, 255-277.

183.   Hayes denies as stated the allegations in paragraphs 278, 279, and 280 as they pertain to himself because his conduct was justified, lawful and reasonable in response to the deadly threat posed by Allen.

184.   To the extent that Plaintiff has made no allegations in paragraph 281 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 280 of Plaintiff's Second Amended Complaint.

185.   Hayes denies the allegations in paragraphs 282, 283, 284, 285, 286, and 287.

186.   To the extent that Plaintiff has made no allegations in paragraph 288 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 287 of Plaintiff's Second Amended Complaint.

187.   Hayes denies the implied allegations in paragraph 289 but admits that he acted lawfully and consistently with his training.

188.   Hayes admits the allegations in paragraph 290 as they pertain to himself.

189.   Hayes denies the allegations in paragraph 291 and each of its subpart, paragraphs 292, 293, 294, 295, and 296.

190.   To the extent that Plaintiff has made no allegations in paragraph 297 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 296 of Plaintiff's Second Amended Complaint.

191.   Hayes denies the implied allegations in paragraphs 299, 300 and 301.

192.   To the extent that paragraph 298 contains legal propositions no answer is required.  If an answer is required, Hayes denies the allegations.

193.   To the extent that Plaintiff has made no allegations in paragraph 302 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 301 of Plaintiff's Second Amended Complaint.

194.   Hayes denies the allegations in paragraphs 303 and 304.

195.   To the extent that paragraph 305 contains legal propositions no answer is required.  If an answer is required, Hayes denies the allegations, except he admits he acted in the course and scope of his employment.

196.   To the extent that Plaintiff has made no allegations in paragraph 306 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 305 of Plaintiff's Second Amended Complaint.

197.   Hayes denies the allegations in paragraphs 308, 310, 311, 312, 313 and 314.

198.   In response to paragraph 307, Hayes admits he acted within the course and scope of his duties but denies the remaining allegations as they relate to himself and specifically denies he falsely arrested Allen.

199.   In response to paragraph 309, Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations.

200.   To the extent that Plaintiff has made no allegations in paragraph 315 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 314 of Plaintiff's Second Amended Complaint.

201.   Hayes denies the allegations in paragraphs 316, 317, 318, 319 and 320.

202.   To the extent that Plaintiff has made no allegations in paragraph 321 of Complaint, no response is required by Defendant. However, Defendant incorporates by reference herein his previous answers paragraphs 1 through 320 of Plaintiff's Second Amended Complaint.

203.    Hayes admits the allegations in paragraph 324.

204.    Hayes denies the allegations in paragraphs 322, 323, 325, and the second 315.

205.    Hayes denies the allegations in paragraph 326.

206.    Hayes is without sufficient facts or knowledge to form a belief about the truth of the allegations in paragraphs 327, 328 and 329.

207.    Hayes denies the allegations in paragraphs, 330, 331, 332, 333, 334 and all its subparts.

## DEFENSES

Hayes states the following defenses:

208.    At all times and places complained against him in Plaintiffs' Second Amended Complaint, he used only that amount of force that was reasonable and necessary to protect himself and others from Allen's imminent use of deadly force.

209.    At all times and places complained against him in Plaintiffs' Second Amended Complaint, he used deadly force in self-defense and defense of others from Allen's imminent use of deadly force.

210.    At all times and places complained against him in Plaintiffs' Second Amended Complaint, he lawfully detained Allen pursuant to the laws of the State of Texas which Allen violated.

211.    At all times and places complained against him in Plaintiffs' Second Amended Complaint, he acted reasonably and properly, and in good faith belief that he was not denying to Allen any right afforded to him by the laws of the State of Texas, the United States, the United States Constitution or clearly established law.

212.    At all times and places complained against him in Plaintiffs' Second Amended Complaint, he was performing discretionary functions, in good faith, within the course and scope of his authority as a peace officer for the City of Houston and the Houston Police Department and that

he took no action against Allen with any ill will, malice or improper motive in mind and did not violate clearly established law or conspire with anyone else to violate anyone's constitutional rights.

213.    At all times and places complained against him in Plaintiffs' Second Amended Complaint, he acted in justifiable self-defense and defense of others in using deadly force in response to the reasonably perceived use of deadly force against him by Allen.

214.    Hayes pleads his entitlement to qualified immunity.

215.    Hayes pleads his entitlement to official immunity.

216.    Hayes pleads his entitlement to the statute of limitations defense.

217.    Hayes states that at all times and places complained against him in Plaintiffs' Second Amended Complaint, Allen's own actions and illegal and wrongful conduct were the sole cause or alternatively the proximate cause of the cause in fact of Allen's injuries and death and Hayes is not responsible for any damages.

## **JURY DEMAND**

218.    Hayes demands trial by jury in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant Justin Hayes prays that the Plaintiffs take nothing by their suit, that Defendant be allowed to recover his reasonable and necessary attorneys' fees, costs and expenses, and for all other relief that the Defendant may be justly entitled to at law or in equity.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

KELLY DEMPSEY
Section Chief, Torts & Civil Rights

20

September 8, 2020                    By:    /s/ *James C. Butt*
                                           JAMES C. BUTT
                                           Senior Assistant City Attorney
                                           ATTORNEY IN CHARGE
                                           SBN: 24040354
                                           FBN: 725423
                                           Phone: (832) 393-6320 (direct)
                                           Jim.butt@houstontx.gov
                                           Telephone:  832.393.6320 (direct line)

                                           CITY OF HOUSTON LEGAL DEPARTMENT
                                           P.O. BOX 368
                                           Houston, Texas 77001-0368
                                           Telephone: 832.393.6491
                                           Fax: 832.393.6259

                                           **ATTORNEYS FOR DEFENDANTS**
                                           **CITY OF HOUSTON & JUSTIN HAYES**

### CERTIFICATE OF SERVICE

I certify that the above and foregoing Defendant Justin Hayes' Answer to Second Amended Complaint was electronically filed with the Clerk of the court using the CM/ECF system which will send notification to the following attorney(s) of record:

Debra V. Jennings
6140 HWY 6, #269
Missouri City, Texas 77459

U.A. Lewis
99 Detering, Suite #101
Houston, Texas 77002

                                           /s/*James C. Butt*
                                           James C. Butt

21