# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON, DIVISION

| | |
|---|---|
| **JOHN ALLEN JR.,** *Individually, and as a representative of* **THE ESTATE OF JOHN ALLEN and LAWTON ALLEN** § § § § | |
| | **CIVIL ACTION NO. 4:18-CV-00171** |
| **VS.** § § | **JURY DEMANDED** |
| § § | |
| **JUSTIN THOMAS HAYES, individually, TYLER SALINA, individually and CITY OF HOUSTON, TEXAS** § § § | |

## RESPONSE IN OPPOSITION TO CITY OF HOUSTON'S MOTION TO DISMISS (*Dkt. 63*)

**TO THE HONORABLE JUDGE LYNN HUGHES:**

Plaintiffs files this its Response to Defendant, City of Houston's Motion to Dismiss Plaintiffs' claims in their Second Amended Complaint[1] pursuant to Rule 12(b)6. Plaintiff will show the court the following:

## I. TABLE OF CONTENTS

---

[1] The Second Amended Complaint includes the Corrected Second Amended Complaint which is incorporated herein.



| | |
|---|---:|
| **TABLE OF CONTENTS** | 1 |
| **TABLE OF AUTHORITIES** | 2 |
| **OBJECTION TO FACTS ALLEGED BY DEFENDANTS** | 4 |
| **BACKGROUND FACTS** | 5 |
| **ARGUMENT AND AUTHORITIES** | 6 |
| **CONCLUSION** | 14 |
| **CERTIFICATE OF SERVICE** | 15 |

## II. OBJECTION TO FACTS ALLEGED BY DEFENDANTS

Plaintiff's facts in the Live Complaint are to be taken as true. The Defendant has introduced disputed allegations in its Motion to Dismiss. It is inappropriate to introduce disputed unauthenticated allegations at this stage. *Gibbons v. Leggett & Platt, Inc.,* Civil No. 3:02-CV-0458-H, 2002 U.S. Dist. LEXIS 18595 (N.D. Tex. Oct. 2, 2002).

Therefore, Plaintiff objects to the defendant's recitation of Plaintiff's facts as set forth in their motion to dismiss and disputes them.

Plaintiff, of course, alleges each and every fact in his live complaint as well as all the exhibits to the live complaint as if fully set forth within the live complaint (Exhibit 1, live complaint). *Montez v. Dep't of the Navy,* 392 F.3d 147, 149 (5th Cir. 2004).

## III. BACKGROUND FACTS

Plaintiffs incorporate by reference facts in their live complaint as though contained herein. *(Dkt. Entry # 60 and 61).*

This case involves the fatal shooting death of an unarmed mental health consumer, John Allen, Sr. during a routine traffic stop by Justin Hayes. a city of Houston officer on November 4, 2015. ( See *Dkt. Entry # 60 and 61* ¶ )

After the shooting, no life saving measures were performed by any of the over twelve officers at the scene. The vehicle was cleared of having any weapons. Officers Palatino and Arroyo planted evidence (gun in Allen's truck) based on the report (See Ex.#1 ¶) The City of Houston awarded the shooting officer a certificate based on the shooting (See Ex#1 ¶) Plaintiff alleges in this 42 U. S .C. 1983 case the City of Houston, officer Hayes and Morelli violated John Allen's Fourth, Fourteenth, Eight Amendments to the U. S. Constitution and the wrongful death and survival action.

Leave of this court was not required to join additional parties, nor are the claims against Morelli, Palatino and Arroyo barred by statute limitations as stated in the pleading: (1) the claims relate back to the original filing and (2) Fraudulent concealment.

## IV. ARGUMENT AND AUTHORITIES

*FRCP 12(b)(6) Motion to Dismiss Failure To State A Claim Standard Of Review*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937(2009) (quoting *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007) The requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal at 556 U.S.at 678. "Determining whether a complaint states a plausible claim for relief: is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id* at 679. See also *Robbins v. Oklahoma,* 519 F. 3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, the type of claim at issue.)

In evaluating motions to dismiss filed under Rule 12(b)(6), the court "must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff. " *McCartney v. First City Ban*k, 970 F. 2d, 45, 47 (5th Cir. 1992). Further, ""[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F. 3d 352, 357 (5th Ci. 2001).

Elements of a plaintiff's claims "must be addressed by allegations in the complaint sufficient to give the defendant fair notice" See *Christopher v. Harbury*, 536 In *Inclusive Cmtys.' Project Inc. v. Lincoln Prop. Co.*, 920 F. 3d 890, 900 (5th Cir. 2019) (holding that when evaluating a 12(b)(6) motion a court is limited to the "facts set forth in the complaint, documents attached to the complaint" and documents attached by the defendant to its motion to dismiss that are referenced in the plaintiff's complaint). No documents are attached to John Allen's complaint nor are any documents attached to the defendant's motion to dismiss that are referenced in the plaintiff's complaint. (See *Dkt. Entry # 61, 62 and #63*)

Here, in John Allen's case the court's analysis is, therefore, limited to the four corners of the pleading, Second Amended Complaint(Corrected) (*Dkt. Entry #60-61)*

5

A dismissal for failure to state a claim upon which relief can be granted is reviewed de novo. *Baughman v. Hickman,* 935 F.. 3d 306 (5th Cir. 2019).

A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). In considering a motion to dismiss for failure to state a claim, a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Texas, Inc.*, 16 F. Supp. 3d 767, 773 (S.D. Tex. 2014).

The complaint must contain sufficient factual allegations to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). When there are well-pleaded factual allegations, a court should presume the allegations are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft*, 556 U.S. at 679.

The court's review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to

the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

## **MUNICIPAL LIABILITY UNDER 42 U.S.C SECTION 1983**

Title 42 U.S.C. Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom or usage , of any State. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privilege, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress [.]

A municipality or other local government is not vicariously liable under § 1983 for their employees' actions. *Pembaur v. Cincinnati*, 475 U.S. 469, 478, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (emphasis in original) (citing *Monell*, 436 U.S. at 665-683).

However, a municipality may be liable under § 1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Under § 1983, local governments are responsible only for "their own illegal acts." *Id.* 471.

Municipal liability under § 1983 has three elements: (1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose "moving force" is the

7

policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). An Official policy "usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009).

The policy must have been the "moving force" behind the plaintiff's constitutional violation. *Piotrowski,* 237 F. 3d at 580 (quoting *Monell,* 436 U.S. at 694). An official policy "usually exists in the form of written policy statements, ordinances, or regulations, but may, as here in the *Allen* case, also arise in the form of a widespread practice that is "so common and well-settled as to constitute a custom that fairly represents municipal policy."  Whatever its form, to yield municipal liability under Section 1983, the policy must have been the "moving force" behind the plaintiff's constitutional violation. *Piotrowski,* 237 F. 3d at 580 (quoting *Monell,* 436 U.S. at 694). In other words, there was 'a direct causal link' between the policy and the violation. *James v. Harris County,* 577 F.3d 612, 617 (5th Cir. 2009). "Where an official policy or practice is unconstitutional on its face, it necessarily follows that a policymaker was not only aware of the specific policy, but was also aware that a constitutional violation [would] most likely occur." *Burge v. St. Tammany Par.*, 336 F. 3d 363, 370 (5th Cir. 2003).

On the other hand, where an alleged policy is facially innocuous, establishing the requisite official knowledges necessitates that a plaintiff demonstrate that the

policy was promulgated or "implemented with 'deliberate indifference' to the 'known or obvious consequences' that constitutional violations would result." See *Alvarez v. City of Brownsville*, 904 F. 3d 382, 390 (5th Cir. 2018) (quoting *Bd of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 407 (1997)0, cert. denied, 139 S.Ct. 2690 (2019); (must show "facially innocuous" policy or custom was "promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result").

Establishing deliberate indifference generally requires a "pattern of similar violations" arising from a policy "so clearly inadequate as to be "obviously likely to result in constitutional violation." *Burge* at 370. A narrow "single incident" exception to the pattern requirement, however, has been recognized. *Thompson v. Upshur Cty.*, 245 F. 3d 447, 459 (5th Cir. 2001). For deliberate indifference to be based on a single incident, "it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy." *Alvarez* at 390 (quoting *Burge,* 336 F. 3d at 373) (alleged facts must be such that "it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train."

Houston cites this court to an unpublished decision, *Fuentes*, 689 Fed. App'x at 778. that have no precedential value for the position that: 27 or more prior cases are needed for the plaintiff to establish a pattern of unconstitutional searches over a three

9

year period to show a *Monell* violation. That is simply not the standard. The seven or more prior incidents of police involved shooting in paragraphs 266-273 is sufficient to show a pattern, or practice of widespread practice of City that amounts to a custom that fairly represents City Policy.

Houston cites this court to unpublished decision in *Fuentes* for the proposition that in addition to similarity and specificity, a pattern must comprise sufficiently numerous prior incidents' rather than merely isolated. *Fuentes*, 689 Fed. App'x at 775, 778. That is not the standard.

### PLAINTIFFS STATED A PLAUSIBLE CLAIM UPON WHICH RELIEF CAN BE GRANTED

***Application of Legal Principles in John Allen's case.***

History of the City' of Houston's actions in this case:

- Body camera video given to judge we've never produced to plaintiff, as ordered;

- First set of video provided to Plaintiff were altered not visible

- Second set of video ordered by the appellate court were altered with missing content with different metadata from the first videos

- Initial requests for Salina Body Camera Video and audio were not provided and Plaintiff was informed that there was no video. or audio.

- Following appellate court's order for production of video and audio, the City provided Plaintiff with altered and missing content from Salinas body cam, but did not provide audio. The City once again claimed Salinas had no audio.

- Request for Officer Salina's audio has never been produced

- Dash camera videos have never been produced for any of the squad cars at the scene;

- Body Cameras with accompanying audio of the numerous officers on the scene have never been produced:

- Hayes, the shooter surveal and investigated the scene after the shooting and was never relieved of his weapon;

- Improper Chain of custody for the officer's gun and bullets

- Improper chain of custody for the Plaintiff truck and personal effects

First, the court must evaluate the *Monell* claim based on the City's efforts to deceive this court: Body camera videos have been altered[2] documents have been altered, authenticated videos with complete audio have yet to be produced with a supporting business record affidavit and the ones that have been produced to the plaintiff have been altered. (See, Motion to compel, *Dkt.* Entry #54 ) These items have yet to be produced

---

[2] Salinas body camera video starts at 6:42 and stops at 6:50. Gunshots for Salinas body camera is timed at 6:43. Hayes' time starts at 6:35 and his gunshot was at 6:36.

Plaintiff's claims under this rubric are found throughout the entire Second Amended Complaint and contrary to the City's limited this court to just the Thirteenth, Fifteenth, and Sixteenth Claims. (See, *Dkt*. entry 61, paragraphs). The proper context requires this court to consider the relevant facts asserted within the four corners of the complaint and each claim referenced within the subparagraph entitled the *Monell* claims. The alteration and editing of body camera videos of the shooting is significant because on the one hand the City of Houston cannot in good faith contend that facts have not been presented when evidence has been withheld. or altered. The City seems to view each of the claims in isolation.

Plaintiffs, Estate of John Allen alleged facts to support a *Monell* claim against the City for its role in causing the constitutional violations against John Allen, Sr.. Plaintiffs alleged that the policymakers at City of Houston and police Chief McCelland had a policy or custom where they allowed officers within the department to use excessive force when arresting an accused . (*Dkt* #60 and 61 ). Plaintiff alleged facts to support that City of Houston and Chief McCelland were aware that its officers were engaging in misconduct amounting to constitutional violations by its "use of force policy", "de-esclation policy", "de-escalation techniques to reduce or minimize the use of physical force" and "duty to intervene when officer witnessing a fellow officer's misconduct and infliction of excessive force and the officers failure to render life-saving (CPR) medical aide to a victim of police involved shooting..

There have been facts alleged to show that HPD officers not only engaged in a pattern of use of excessive force on the mentally ill and on black men disproportionately, supervising officers and The City of Houston did nothing, thereby ratifying the conduct. (*Dkt #60 and 61* ). Including awarding the offending officers as it did with Justin Hayes, for the use excessive force causing the shooting death of John Allen, Jr.( See, Exhibit #2, Certificate for the shooting death of an unarmed citizen). Viewing the allegations of the second amended complaint in Allen's favor, as the district court must, an actionable pattern of use of excessive force on the mentally ill and/ or on black men is a persistent practice in the City of Houston.

*Pattern of constitutional violations within the Houston Police Department*

John Allen has presented facts that must be taken as true at this stage, to support an allegation of a persistent or widespread practice of City Officials or employees which is so common and well-settled as to constitute a custom that fairly represents City policy. (See, *Dkt. entry* #60 and 62) That is, a policy of using excessive force, failing to abide by a use of force continuum, communicating ineffectively with mentally ill consumers, de-escalation techniques, failure to train officers on descalation, administering life saving medical aide (e.g CPR) to victims of police involved shooting. Plaintiff refers to over seven similar police shootings that show a widespread practice or custom.

*Defendants Failure to Train and Failure to Supervise*

A municipality's decision to allow its officer to use deadly force on its citizens with any recourse causes constitutional violations. The City of Houston not only doesn't punish its officers for the use of excessive force, but it also issues awards, pay increases and it supports them through any criminal prosecution. In *City of Canton v. Harris*, the Court ruled that a municipality can be liable for its constitutional policies when those policies reflected deliberate choices of policymakers to disregard the obvious constitutional harms that would befall their citizens because of those policies.

There were two ways: First, failure to train or supervise its officers in the use of deadly force; and, second if it failed to respond to repeated complaints of a constitutional injury. The City of Houston's failure to find any officer-involved shootings unjustified, or discipline any officers for their excessive deadly force amounts to a complete abdication by the City of its duty to supervise its officers.

Allen's submission of various infractions and instances of wrongdoing by other officers employed by the HPD in support of his "widespread practice" supervision claim. Here the necessary similarity is the purposeful fabrication and planting of evidence/false arrest misconduct involved here. Indeed, in many instances, the allegations reflect some disciplinary or other remedial actions being taken by the supervision police chief.

### *Ratification*

14

The city of Houston has ratified each use of deadly force by its officers as demonstrated through its actions after the use of deadly force by Hayes, as the City of Houston has done in nearly every other case of use of deadly force by its officers.

Defendant contends that ratification is "limted to extreme factual situations: and defined "extreme" to mean if it involves a municipality's acceptance of : incompetent and catastrophic performance, "dangerous recknessess. or gross abuse by a municipal employee. (See, *Dkt. Entry* # Page 8). Here, John Allen's case is the extreme case where an unarmed Mr. John Allen, Sr. is shot five times at a traffic stop for a broken tail light with a gun aimed across the female passenger's body. The City of Houston issues the officer a certificate for the shooting. "The Hostile Engagement Award" was presented to Justin T. Hayes on August 23, 2016 . A few months later Justin Hayes was awarded a Certification Incentive Pay level increases of $129.25. The city approved this misconduct as evidence by its chief's decision to commend the shooter and sign the certificate and award him a pay increase. Today, Hayes has been promoted to a Sargent.

Significantly no City of Houston officer at the scene rendered no life saving measures such as CPR, chest compression or mouth to mouth resuscitation.

The facts alleged in the Live Complaint involve not just Hayes's conduct but the collective conduct of multiple officers and acts, namely the actions after the excessive force. altering the video evidence to cut the critical moments out of the frame of the

15

video to determine whether Mr. Allen had a gun pointed at Hayes when Hayes shot him or not. The HPD Policymaker, The Chief of Police McClelland, reviews each and every use of deadly force, even if it involves shooting animals, and is responsible for determining whether discipline is warranted or not. At the time of this shooting, the policymaker for HPD has not found discipline for the use of force by one of his officers in over 400 cases of use of deadly force since 2009. The city of Houston may be liable if its policymakers condone or otherwise adopt the creation of a custom by knowingly ratifying the illegal or unconstitutional actions of subordinate, non-policymaking employees. *Santibanes v. City of Tomball, Tex.*, 654 F. Supp. 2d 593, 611 (S.D. Tex. 2009) (citing *Turner v. Upton County, Tex.*, 915 F.2d 133, 136 (5th Cir. 1990)). "A persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority." *Webster*, 735 F.2d at 841 (en banc). Although the use of force as justified by the Chief of police, absence of immediate danger the use of force by Hayes would not be justified, if Mr. Allen was not pointing a weapon at Hayes as he alleged to be the reason for the use of force.

A single incident of failing to discipline "can constitute the basis for finding an official custom or policy when there is a failure to discipline those involved" in an extreme factual situation. *Grandstaff v. City of Borger, Tex.,* 767 F.2d 161, 170 (5th Cir. 1985) (emphasis added). An extreme factual situation, as found in Grandstaff, is characterized as an "incompetent and catastrophic performance and a gross...abuse of the use of deadly weapons." *Barkley v. Dillard Dept. Stores, Inc.*, 277 Fed. App'x 406, 413 (5th Cir. 2008)(citing *Grandstaff,* 767 F.2d at 171).

## CONCLUSION

For the foregoing reasons, Defendant, City of Houston's Motion to Dismiss should be denied in all respects. Alternatively, since discovery remains outstanding from the City of Houston. plaintiff be afforded an opportunity to amend upon receipt of the outstanding discovery detailed in the Motion to compel. (*Dkt entry. 54)*

Respectfully submitted,
/s/ *Debra V. Jennings*

_____

Law Office of Debra Jennings
SBN: 10631850
FED ID 14373
6140 HWY 6, # 269
Missouri City, TX 77459
Attorney for Plaintiff
Phone: (832) 904-4666
Fax:  1(832) 442-3700
Email: *lawyerdvj@gmail.com*

THE LEWIS LAW GROUP, PLLC.
/s/U. A. Lewis
U. A. Lewis
State Bar No. 24076511
Federal Bar No. 1645666
P. O. Box 27353
Houston, TX 77227
Telephone: (713)570-6555
Facsimile: (713) 581-1017
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that a true copy of this Response was served electronically by DC/ECF in accordance with the Federal Rules of Civil Procedure on the following on October 9, 2020 to James Butts, City of Houston and Justin Hayes's Counsel.

/s/ *Debra V. Jennings*
_____
Debra V. Jennings
Attorney for Plaintiff