**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN ALLEN, JR.,** | § | |
| **INDIVIDUALLY, AND AS A** | § | |
| **REPRESENTATIVE OF THE** | § | |
| **ESTATE OF JOHN ALLEN** | § | |
| **LAWTON ALLEN, SHERMAN** | § | |
| **ALLEN, AND MARTHA VAUGHN** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Case No.: 4:18-cv-00171** |
| | § | |
| **CITY OF HOUSTON, TEXAS** | § | |
| **JUSTIN THOMAS HAYES,** | § | |
| **Individually, APRIL PALATINO,** | § | |
| **Individually, M. ARROYO** | § | |
| **Individually, and DIEGO MORELLI,** | § | |
| **Individually** | § | |
| *Defendants.* | § | |

**<u>DEFENDANTS APRIL PALATINO AND MANDY ARROYO'S
ANSWER,  DEFENSES, AND JURY DEMAND
TO PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, April Palatino and Mandy Arroyo ("City Defendants" or by individual names) and file this their answer to Plaintiffs' Second Amended Complaint (Corrected) [Doc. 61], hereinafter ("the Complaint").  In support thereof, Defendants would respectfully show this Court as follows:

1.     With respect to the allegations in the first paragraph which is not numbered, Defendants admit that the City of Houston and they are defendants in this lawsuit but deny that they are liable to Plaintiffs and further deny that they violated any constitutional rights or state laws with respect to John Allen, Sr. ("Allen").

2.      With respect to the allegations in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18, the allegations do not pertain to these City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

3.      In answer to Section II Parties and Service, City Defendants are without sufficient facts or knowledge to form a belief about the truth of the allegations contained in paragraphs 1-5, except they deny that they are entitled to damages under state and federal law.

4.      In answer to paragraph 6, City Defendants admit the City of Houston operates the Houston Police Department and employed and employs Hayes but deny that the City is liable in any respect to Plaintiffs or that it may be served with process at the Houston Police Department.

5.      In answer to paragraphs 7-8, City Defendants admit that Hayes and Morelli are Houston police officers and are without sufficient facts or knowledge to form a belief about the truth of the remaining allegations contained therein.

6.      In answer to paragraph 9, City Defendants deny the allegations, as stated, but  admit that Detective Palatino was a crime scene detective assigned to the investigation of the shooting of Allen, and that while acting in the course and scope of her employment and under color of law, she photographed and processed evidence which included a revolver.  Palatino has been served with summons and complaint.

7.      In answer to paragraph 10, City Defendants deny the allegations, as stated, but admit that Detective Arroyo currently is an administrative Sergeant in the Internal Affairs Division and at the time was a homicide detective assigned to the investigation of the shooting of Allen, and that while acting in the course and scope of her employment and under color of law, she observed and documented the presence of a white grip pistol during the early hours of November 4, 2015 at the

scene.  The weapon was located on top of comforters on the back seat near, just west of the center console.  Arroyo has been served with summons and complaint.

8.      In answer to paragraphs 11 and 12, City  Defendants admit the Court has jurisdiction for the claims asserted, and that venue is proper.

9.      With respect to paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24,  25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, and 137, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

10.     City Defendants deny the allegations in paragraph 56, and aver Arroyo observed the firearm at the scene on November 4, 2015.

11.     In answer to paragraph 60, City Defendants deny the allegations as they relate to themselves.

12.     With respect to paragraphs 138, 139, 140, 141, 142, 149, 150, 151, 152, 153, 154, 155, and 156, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

13.     City Defendants deny the allegations in paragraphs 144-145.

14.     In response to paragraph 143, City Defendants deny the allegations and aver the revolver was discovered on November 4, 2015 shortly after 1:53 a.m. at the scene by Detective Arroyo.

15.     In response to paragraph 146, City Defendants deny the allegations as stated but admit that Detective Arroyo observed the white handled revolver on November 4, 2015 shortly after 1:53 a.m. at the scene.

16.     In response to paragraph 147, City Defendants deny the allegations as stated but admit that Detective Arroyo completed her report on November 26, 2015 but observed the gun on November 4, 2015, shortly after 1:53 a.m. at the scene.

17.     City Defendants deny the allegations in paragraph 148.

18.     With respect to paragraphs 157-165, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

19.     City Defendants deny the allegations in paragraph 166.

20.     City Defendants admit the allegation s in paragraph 167 as they relate to themselves.

21.     City Defendants deny the allegations in paragraph 168-173.

22.     To the extent that Plaintiff has made no allegations in paragraph 174 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 173 of Plaintiff's Second Amended Complaint.

23.     With respect to paragraphs 175-177, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

24.     To the extent that Plaintiff has made no allegations in paragraph 178 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 177 of Plaintiff's Second Amended Complaint.

25.     With respect to paragraphs 179-183, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

26.     To the extent that Plaintiff has made no allegations in paragraph 184 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 183 of Plaintiff's Second Amended Complaint.

27.     With respect to paragraphs 185-194, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

28.     To the extent that Plaintiff has made no allegations in paragraph 195 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 194 of Plaintiff's Second Amended Complaint.

29.     With respect to paragraphs 196-206, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

30.     To the extent that Plaintiff has made no allegations in paragraph 207 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 206 of Plaintiff's Second Amended Complaint.

31.     With respect to paragraphs 208-215, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

32.     To the extent that Plaintiff has made no allegations in paragraph 216 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference

herein their previous answers to paragraphs 1 through 215 of Plaintiff's Second Amended Complaint.

33.     With respect to paragraphs 217-219, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

34.     To the extent that Plaintiff has made no allegations in paragraph 220 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 219 of Plaintiff's Second Amended Complaint.

35.     With respect to paragraphs 221-222, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

36.     To the extent that Plaintiff has made no allegations in paragraph 223 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 222 of Plaintiff's Second Amended Complaint.

37.     With respect to paragraphs 224-226, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

38.     To the extent that Plaintiff has made no allegations in paragraph 227 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 226 of Plaintiff's Second Amended Complaint.

39.     With respect to paragraphs 228-230, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

40.     To the extent that Plaintiff has made no allegations in paragraph 231 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 230 of Plaintiff's Second Amended Complaint.

41.     With respect to paragraph 232, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

42.     To the extent that Plaintiff has made no allegations in paragraph 233 of the Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 232 of Plaintiff's Second Amended Complaint.

43.     With respect to paragraphs 234-238, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

44.     To the extent that Plaintiff has made no allegations in paragraph 239 of Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 238 of Plaintiff's Second Amended Complaint.

45.     City Defendants deny the allegations in paragraphs 240, 241, 242 and 248.

46.     With respect to paragraphs 243- 232, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

47.     With respect to paragraphs 243, 244-247, 249-280, the allegations do not pertain to City Defendants, and thus no answer is required.  To the extent an answer is required, the allegations are denied.

48.     To the extent that Plaintiff has made no allegations in paragraph 281 of Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 280 of Plaintiff's Second Amended Complaint.

49.     City Defendants admit the allegations in paragraph 282 as they relate to themselves

50.     City Defendants deny the allegations in paragraphs 283-287.

51.     To the extent that Plaintiff has made no allegations in paragraph 288 of Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 287 of Plaintiff's Second Amended Complaint.

52.     With respect to paragraphs 289-296 and all subparts, City Defendants deny the allegations.

53.     To the extent that Plaintiff has made no allegations in paragraph 297 of Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 296 of Plaintiff's Second Amended Complaint.

54.     With respect to paragraphs 298-301, City Defendants deny the allegations.

55.     To the extent that Plaintiff has made no allegations in paragraph 302 of Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 301 of Plaintiff's Second Amended Complaint.

56.     With respect to paragraphs 303-305, City Defendants deny the allegations.

57.     To the extent that Plaintiff has made no allegations in paragraph 306 of Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference

herein their previous answers to paragraphs 1 through 305 of Plaintiff's Second Amended Complaint.

58.     With respect to paragraphs 307-314, City Defendants deny the allegations.

59.     To the extent that Plaintiff has made no allegations in paragraph 315 of Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 314 of Plaintiff's Second Amended Complaint.

60.     With respect to paragraphs 316-320, City Defendants deny the allegations.

61.     To the extent that Plaintiff has made no allegations in paragraph 321 of Complaint, no response is required by City Defendants. However, City Defendants incorporate by reference herein their previous answers to paragraphs 1 through 320 of Plaintiff's Second Amended Complaint.

62.     With respect to paragraphs 322-325 and the second 315, City Defendants deny the allegations.

63.     City Defendants deny the allegations in paragraphs 327-334 and all subparts as they relate to themselves.

64.     City Defendants deny all previously unanswered allegations contained in Plaintiff's Second Amended Complaint [Doc. #61].

## DEFENSES

City Defendants state the following defenses:

65.     City Defendants state that the Court lacks subject matter jurisdiction because they are cloaked by qualified immunity and thus, immune from suit.

66.     City Defendants state that Plaintiffs fail to state a claim for relief under 42 U.S.C. §1983 because (a) their actions on the day in question were done within the scope of their discretionary authority and done in the course of their official responsibilities; (b) their actions were objectively reasonable; and (c) their actions did not violate clearly established constitutional or statutory rights of which a reasonable officer would have known.

67.     City Defendants state that Plaintiffs' Second Amended Complaint [Doc. #61] fails to state an actionable claim against them, upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

68.     At the time of the incident in question, City Defendants were peace officers employed by the City of Houston as police officers.  They are entitled to qualified immunity from suit and from damages in this lawsuit because they acted without malice, without an intent to deprive Plaintiffs of any clearly established rights, with a reasonable good faith belief that their actions were lawful, proper and within as well as pursuant to the scope of their discretionary authority as police officers; and they did not violate clearly established law of which a reasonable officer would have known.

69.     City Defendants state that Allen's own actions and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

70.      City Defendants state that Allen's contributory negligence and/or actions were the cause of the injuries of which Plaintiffs now complain. City Defendants plead their entitlement to official immunity.

71.     City Defendants plead their entitlement to the statute of limitations defense.

72.     City Defendants plead the defense of laches.

73.     City Defendants plead the defense of official immunity.

74.     City Defendants state that at all times and places complained against them in Plaintiffs'

Second Amended Complaint, Allen's own actions and illegal and wrongful conduct were the sole

cause or alternatively the proximate cause of the cause in fact of Allen's injuries and death, and

they are not responsible for any damages.

**JURY DEMAND**

75.     City Defendants demand trial by jury in this case.

WHEREFORE, PREMISES CONSIDERED, Defendants Palatino and Arroyo pray that

the Plaintiffs take nothing by their suit, that these Defendants be allowed to recover their

reasonable and necessary attorneys' fees, costs and expenses, and for all other relief that these

Defendants may be justly entitled to at law or in equity.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

KELLY DEMPSEY
Section Chief, Torts & Civil Rights

October 26, 2020             By:     /s/ *James C. Butt*
                                      JAMES C. BUTT
                                      Senior Assistant City Attorney
                                      ATTORNEY IN CHARGE
                                      SBN: 24040354
                                      FBN: 725423
                                      Phone: (832) 393-6320 (direct)
                                      Jim.butt@houstontx.gov
                                      Telephone:  832.393.6320 (direct line)

                                      CITY OF HOUSTON LEGAL DEPARTMENT
                                      P.O. BOX 368
                                      Houston, Texas 77001-0368
                                      Telephone: 832.393.6491
                                      Fax: 832.393.6259

                                      **ATTORNEYS FOR DEFENDANTS**
                                      **CITY OF HOUSTON, JUSTIN HAYES,**

11

**APRIL PALATINO and MANDY ARROYO**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the above and foregoing Defendants Palatino and Arroyo's Answer to Plaintiffs' Second Amended Complaint was electronically filed with the Clerk of the court using the CM/ECF system which will send notification to the following attorney(s) of record:

Debra V. Jennings
6140 HWY 6, #269
Missouri City, Texas 77459

U.A. Lewis
99 Detering, Suite #101
Houston, Texas 77002

/s/<i>James C. Butt</i>       
James C. Butt
