| United States District Court | Southern District of Texas |
|---|---|

John Allen, Jr., et al., §
　　　　　　　　　　　　§
　　　　Plaintiffs, §
　　　　　　　　　　　　§
versus　　　　　　　　　§　　Civil Action H-18-171
　　　　　　　　　　　　§
Justin Hayes, et al., §
　　　　　　　　　　　　§
　　　　Defendants. §

## Opinion on Dismissal

1.　*Background.*

　　On November 4, 2015, John Allen, Sr., was driving at night in Houston with Shannel Arterberry. Officers Tyler Salina and Justin Hayes pulled Allen over for a traffic violation. Salina approached the driver's side window while Hayes approached the passenger's side. During the stop, Allen attempted to reach into his pocket. Hayes ordered him to stop multiple times. After Allen continued to not comply, Hayes shot Allen three to five times. Allen then drove the truck into a tree, where it came to a rest.

　　A group of the City of Houston's police officers – including Diego Morelli – approached the truck. After breaking the window, Morelli pulled Allen out of the truck and handcuffed him.

　　Emergency medical services were called roughly six minutes after Hayes shot Allen. Allen died shortly later at the scene.

　　Arterberry was taken into custody and gave a statement before she was released.

　　On November 3, 2017, John Allen, Jr., individually and as the representative of the estate of John Allen, Sr., and Lawton Allen sued Justin Hayes and the City of Houston – and Diego Morelli and Mandy Arroyo who were added later – for: (a) eight claims under section 1983, (b) conspiracy to

discriminate based on race, (c) wrongful death, (d) mental health discrimination, and (e) a survival action. All of the defendants have moved to dismiss the claims against them. They will prevail.

2. *Morelli and Arroyo – Federal Claims.*

Morelli and Arroyo have moved to dismiss the federal claims against them as barred by the statute of limitations because they do not relate back to the original complaint.

Allen did not address this argument in his response to the motion to dismiss. He has abandoned these claims. The federal claims against Morelli and Arroyo will be dismissed.

Had Allen not abandoned them, the federal claims would still be dismissed for the reasons that follow.

3. *Hayes and Morelli – State Claims.*

The parties have agreed that the Texas Tort Claims Act's election of remedies provision requires the dismissal of state law claims against Hayes and Morelli because the City has also been sued for the same claims.

The wrongful death and survival claims against Hayes and Morelli will be dismissed.

4. *Procedural Due Process.*

For a Fourteenth Amendment due process claim, Allen must have adequately pleaded facts of: (a) a protected life, liberty, or property interest, and (b) an action by the government that deprived Allen of that interest.[1] Due process requires an opportunity to be heard after being given adequate notice.[2]

Allen has vaguely pleaded this claim. As the court can best understand, Allen argues that his right to an "opportunity to be heard" was violated when

---

[1] *Sims v. City of Madisonville*, 894 F.3d 632, 641 (5th Cir. 2018).

[2] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

the police allegedly forced Arterberry to give a statement saying a gun was in the truck. He says Arterberry "did not make a knowing, intelligent, and voluntary waiver" before making her statement.

Allen – at best – has pleaded a violation of Arterberry's rights. Allen has no standing to seek redress for a violation of another's rights, just his own.

Because Allen has not pleaded that the government deprived *him* of a protected interest, his procedural due process claim will be dismissed.

5. *Equal Protection and Conspiracy to Discriminate Based on Race.*

The conspiracy to discriminate based on race claim has been pleaded as an equal protection claim. Allen gives no law to differentiate these claims. The court will consider them together.

To state a claim under the Equal Protection clause, Allen must have adequately pleaded facts of the actions of the City and its officers that injured him were motivated by purposeful discrimination based on his race.[3] Allen must have pleaded facts of a discriminatory purpose by the City and that other similarly situated people of a different race were treated differently.[4]

Allen says that Hayes and the City targeted and "racially profiled" him and other African American males. He gives data that, over the preceding five years, African Americans in Houston are more likely to have been stopped, arrested, and shot by police than other races.

Allen relies largely on legal abstractions. At best, Allen has pleaded disparate impact but not the discriminatory purpose that the law requires. Merely saying that a discriminatory intent exists – without objective facts – is insufficient to state this claim.

Because Allen has not pleaded the required level of intent, his equal protection and conspiracy to discriminate based on race claims will be dismissed.

---

[3] *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997).

[4] *United States v. Armstrong*, 517 U.S. 456, 465 (1996).

6. *Failure to Give and Denial of Medical Care.*

To state a claim for failure to give and denial of medical care, Allen must have adequately pleaded facts that Hayes and Morelli acted with deliberate indifference to a substantial risk of serious medical harm.[5] Hayes and Morelli must have had the subjective intent to harm rather than merely acting unreasonably or grossly negligent.

Allen says Hayes and Morelli pulled him from his truck before calling for medical help, and that they did not "timely summon medical care or permit medical personnel to treat [him]." He also says that they "fail[ed] to perform any life-saving measures."

Aside from pleading predominately legal conclusions, the few facts that are given support the opposite conclusion. The sole reason for the "delay" in medical care – which was at most 15 minutes from the shots being fired to medical services arriving – was Allen driving off and hitting a tree after he was shot. It was not unreasonable for the officers to approach the truck slowly or handcuff him after he had crashed. Allen has pleaded no facts of the officers acting negligently – let alone with wanton indifference.

Because Allen has not pleaded Hayes and Morelli's subjective intent during the incident, his claims of failure to give and denial of medical care will be dismissed.

7. *Americans with Disabilities Act.*

The Americans with Disabilities Act does not apply to the police's response to people with mental disabilities before the scene is secured.[6] Allen gives no legal support to the contrary. Because it fails as a matter of law, Allen's mental health discrimination claim will be dismissed.

---

[5] *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003).

[6] *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000).

8. *Spoliation and Falsification of Evidence.*

To state a claim for spoliation of evidence, Allen must have adequately pleaded facts that the City and Hayes acted in bad faith, or with fraudulent intent, to hide the truth.[7]

Allen says that the City "altered and edited videos of the November 4, 2015, shooting for purposes of avoiding liability and accountability," the chain of custody is "questionable," the City withheld evidence, and the officers planted the white gun.

This is the textbook example of a legal conclusion. He does not say how the videos were altered. Allen again is confused by the distinction between plausible, objective facts and legal conclusions. Allen has transformed the case into a broken record.

Allen also attempts to say that the gun was planted because this is "the same City of Houston Police Department" that planted a gun in a wholly separate case. Just because something happens in another case does not make it a fact when pleaded in this case.

Because Allen has pleaded legal conclusions, his spoliation and falsification of evidence claims will be dismissed.

9. *Hayes – Unlawful Detention and Excessive Force.*

To state a claim for excessive force and unlawful detention, Allen must have adequately pleaded facts that Hayes acted in an objectively unreasonable way based on the totality of the circumstances as they appeared at the time. An officer's act is objectively unreasonable if every reasonable police officer would have known that the conduct violated the law.[8]

Allen says that he was unlawfully detained when he was pulled over without reasonable suspicion and when he was handcuffed after being pulled from his truck without probable cause.

---

[7] *Russell v. Univ. of Texas of Permian Basin*, 234 Fed. App'x 195, 208 (5th Cir. 2007).

[8] *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015).

Allen has pleaded no facts to support his claim. Merely saying that there was no reasonable suspicion is insufficient as it is another legal conclusion. Allen gives no facts that Hayes acted unreasonably. The facts support the contrary. Allen was stopped for a traffic violation – which is clearly reasonable suspicion – and was handcuffed after disobeying Hayes's repeated instructions and driving away into a tree – which is unquestionably probable cause.

Allen says that Hayes used excessive force when he shot an "unarmed Mr. Allen" who was not resisting.

Allen's attempts to plead facts around the full truth do not work to plausibly state a claim. Allen repeatedly disobeyed Hayes's orders, and Hayes believed that Allen had a gun – which was later confirmed.

Even if there was not a gun, Allen has not pleaded more than legal conclusions to say that Hayes acted objectively unreasonable. Allen appears to argue that Hayes needed to wait until Allen pointed a gun at him before shooting. This argument has been adamantly rejected.

It is clear to the court that an officer who believes a person is armed and is refusing to obey instructions is objectively reasonable in using deadly force. Allen gives no facts to the contrary. The court will not allow after-the-fact attacks on an officer's split second decisions in tense and dangerous situations.

Because Allen has not adequately pleaded that Hayes acted unreasonably, his unlawful detention and excessive force claims will be dismissed.

10. *City of Houston – Monell.*

To state a claim for municipal liability under section 1983, Allen must have adequately pleaded facts of: (a) a City policy or custom, (b) by a City policymaker, (c) that implemented it with deliberate indifference, and (d) is the moving force behind his constitutional violation.[9]

---

[9] *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Allen says that the City has failed to adequately train, supervise, control, and discipline its officers and that it is widespread. He claims that the City has policies of:

a. using excessive force;
b. inadequately training on the use of force and giving medical care;
c. allowing officers to work when it is "known or reasonably should be known that they have dangerous propensities for abusing their authority;"
d. inadequately "supervising, training, controlling, assigning, and disciplining" officers;
e. having "grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct;"
f. inadequately disciplining officers for misconduct;
g. "announcing that unjustified uses of force are 'within policy;'"
h. "encouraging, accommodating, or facilitating a 'blue code of silence;'" and
i. having an "attitude of indifference toward the soaring number of police misconduct" with the use of force.

Allen says the City is inadequately disciplining its officers because: (a) Internal Affair's investigations do not do live interviews of independent witnesses or of officers without an attorney; (b) the investigations do not look at the officer's past complaints; and (c) the Chief of Police has "not disciplined, reprimanded, retrained, suspended, or otherwise penalized" Hayes.

Allen also argues that the City has ratified this conduct by not disciplining when it knows the basis for discipline, so it must approve of its officers' actions.

He says the City's indifference caused him pain and death when he was shot and that the City's policymakers were the moving force behind the policies.

Allen has not pleaded a specific written City policy, but rather given a long list of the City's allegedly widespread practices. The arguable facts pleaded of a widespread practice are seven brief examples of other times a City officer shot a person and then generally referring to "81 similar incidents." Allen gives no context for his examples, no explanation of the similarities to this case, and no findings of excessive force. Continually reciting legal conclusions fails.

For his failure to train, supervise, and discipline claims, Allen has pleaded more legal conclusions. He offers no facts to show how the training, supervision, and discipline were deficient, how they caused his injury, or how more training or supervision would have lead to a different outcome. Categorical assertions and assumptions that they were inadequate does not state a claim.

Allen's ratification claim is also pleaded with legal conclusion after legal conclusion. It is unhelpful to say that "the factual assertions that support the [ratification] claim permeates throughout the ... complaint" and then refer to over 300 paragraphs from the complaint in support. This cannot convert legal conclusions into facts. Allen also gives no facts of a City policymaker having knowledge of this incident.

Because Allen has pleaded vague assumptions and legal conclusions, his *Monell* claim will be dismissed.

11. *City of Houston – Wrongful Death and Survival Action.*

The Texas Tort Claims Act gives the City immunity against tort claims. Waiver of this immunity is available for limited circumstances. Wrongful death and survival claims do not fall under this waiver.

The Act's notice requirement also appears to have not been met.

Allen also did not address the City's arguments on immunity and notice in his response to the motion to dismiss, so the wrongful death and survival claims are abandoned regardless.

The wrongful death and survival claims will be dismissed.

12. *Conclusion.*

The claims of John Allen, Jr., individually and as the representative of the estate of John Allen, Sr., and Lawton Allen against the City of Houston, Justin Hayes, Diego Morelli, and Mandy Arroyo will be dismissed with prejudice.

Signed on April **12**, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge