United States District Court
Southern District of Texas

**ENTERED**

March 28, 2024

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| John Allen, Jr., et al., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action H-18-171 |
| | § | |
| Justin Hays, et al., | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is Plaintiffs' Motion for Leave to Name Deborah Davis as Next Friend for Martha Vaughan. ECF No. 194. Plaintiffs argue that Martha Vaughan "is now mentally incapable of representing her own interests in this lawsuit," and request that Vaughan's daughter, Deborah Davis, be permitted to act as next friend for Vaughan under Federal Rule of Civil Procedure 17(c)(2).

Under Rule 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend . . . ." The question here is whether Martha Vaughan qualifies as an "incompetent person." A person is "incompetent" for purposes of Rule 17 if they lack the capacity to litigate under the law of their domicile. *Magallon v. Livingston*, 435 F.3d 268, 271 (5th Cir. 2006). Under Texas law, the standard is whether the person is incapable of caring for their own interests in the litigation by reason of mental or bodily infirmity. *Id.* (citing *Lindly v. Lindly*, 102 Tex. 135, 141, 113 S.W. 750 (1908), and *Berger v.*

*Berger*, 578 S.W.2d 547, 549 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ)).

Plaintiffs argue that Ms. Vaughan suffered a stroke in 2019 and suffered bleeding of the brain. ECF No. 194 at 3. Plaintiffs further state that Ms. Vaughan "at 90 years old functions at the level of a first or second grade child." *Id.* Plaintiffs do not provide any evidentiary citations in support of these claims. Instead, Plaintiffs attached twenty-six pages of disjointed medical records for the court to review. ECF No. 195. The court was unable to find any support in the medical records for the proposition that Ms. Vaughan is incapable of caring for her own interests in the litigation.

The court first notes that the medical records provided do not seem complete. Other than a record of a September 19, 2023 visit with Sandeep Pinnapureddy, D.O., ECF No. 195 at 2-4, none of the other records provided show a review of symptoms, the results of the physician's examination, or other similar information typical of a medical record. Most of what Plaintiffs provided to the court are discharge instructions. It appears that Ms. Vaughan was seen and discharged from medical care on July 8, 2019, after sustaining a scalp contusion and being hospitalized for "weakness." ECF No. 195 at 5–19.

The September 19, 2023 records (the most recent records provided) describe Vaughan's general appearance to be "Alert, Oriented, No Acute Distress." *Id.* at 2. The physician remarked that Vaughan was "speaking full sentences." *Id.* The neurological part of the examination states "NEURO alert and oriented x 3." *Id.*

2

The "assessment" section of the record shows diagnoses for primary hypertension, intertrigo (a skin condition), and constipation. *Id.* at 3. She was prescribed medication and a topical cream. *Id.*

While it is true that the record states that Ms. Vaughan has a history of "Stroke (2019)," there is no evidence that Ms. Vaughan's stroke has caused her to be incompetent. The court ordered that any motion seeking to have Ms. Vaughan proceed by a next friend would have to be "supported by evidence showing that Plaintiff Martha Vaughan is incompetent . . . ." ECF No. 168 at 2. Plaintiffs have failed to demonstrate that Ms. Vaughan is incompetent. The motion for leave to name Deborah Davis as Ms. Vaughan's next friend is therefore **DENIED**.

Signed at Houston, Texas, on March 28, 2024.

_____

Peter Bray
United States Magistrate Judge