Case 4:18-cv-00171 Document 207 Filed on 03/28/24 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| John Allen, Jr., et al., *Plaintiffs*, | § § § | |
| v. | § § | Civil Action H-18-171 |
| Justin Hays, et al., *Defendants*. | § § § | |

### ORDER

Pending before the court is Plaintiffs' Motion to Amend Pleadings to Join Additional Parties. ECF No. 193. Plaintiffs seek to add as defendants Alton Baker and M. Zimmerman. *Id.* at 3. Plaintiffs allege that the proposed new defendants "knew and believed that John Allen, Sr. was facing a life-threatening injury and was bleeding from his stomach," but failed to render aid. *Id.*

This case has a somewhat convoluted procedural history, but the recent history is straight forward. After the case was remanded for the second time, it was assigned to District Judge Tipton. ECF No. 133. Judge Tipton entered a Scheduling Order on April 21, 2023, setting the deadline for motions to add new parties as June 21, 2023. ECF No. 137. That date came and went with no docket activity on the part of Plaintiffs. On October 13, 2023, the case was referred to the undersigned magistrate judge for full pretrial management. ECF No. 152. The court entered three separate amended scheduling orders, each time stating that motions for leave to add new parties would have to be supported by a showing

of good cause. ECF Nos. 180, 181, 190. That is because Judge Tipton's deadline for amendments had already passed.

"Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation omitted). A scheduling order "may be modified only for good cause and with the judge's consent." *Id.*; Fed. R. Civ. P. 16(b)(4). "It requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* (quoting *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). A party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply[.]" *Id.* (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

Courts consider four factors in determining good cause under Rule 16: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Southwestern*, 346 F.3d at 546).

Plaintiffs have not even attempted to show good cause. The motion does not give any explanation for failing to add Baker and Zimmerman as defendants when they learned about their involvement in the case. Plaintiffs knew about Baker and Zimmerman many years ago. Plaintiffs attached as exhibits to their September 26, 2018 motion for relief from judgment both Baker's and Zimmerman's written witness statements. ECF No.

2

ECF No. 30-2 at 11–14. In the Defendant's July 20, 2020 Supplemental Disclosures, both Baker and Zimmerman are named as people with knowledge of discoverable information. ECF No. 57-3 at 6, 17 (citing the bates numbers for the police reports documenting the criminal investigation as well as the bates numbers documenting the administrative investigation). Plaintiffs do not explain why they did not seek to add these two defendants several years ago. Plaintiffs do not argue that learned new information or that some recent event prompted them to add Baker and Zimmerman.

Plaintiffs do not argue that the amendment is important. Were Baker and Zimmerman important to the case, Plaintiffs would have pursued them long ago. Allowing the amendment at this time would cause great prejudice to the one remaining Defendant. Essentially, discovery would have to start anew, causing additional cost and delay. Continuing this case at this late stage is possible, but unwarranted. At this point, discovery is nearly complete and a dispositive motions deadline will be set in the near future.

Assuming Plaintiffs could show good cause, they would still have to satisfy Rule 15. Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Though that's a generous standard, 'leave to amend can be properly denied where there is a valid justification.'" *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)). Valid justifications include undue delay, bad faith, dilatory

3

motive, and whether the facts underlying the amended complaint were known to the party when the original complaint was filed. *Id.* (quoting *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 316 (5th Cir. 1996)). Courts may also consider a plaintiff's repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing cases). An amended complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citing cases). The analysis requires courts to apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quoting cases).

Plaintiffs have known about Baker and Zimmerman since at least 2018 but chose not to include them as parties. They have given no reason for the delay. Plaintiffs have had many chances to amend their pleadings and simply chose not to add Baker or Zimmerman.

Amendment would be futile because the claims against Baker and Zimmerman are barred by the statute of limitations. The Fifth Circuit already found in this case that Plaintiffs' claims against Morelli and Arroyo, which were first brought in August 2020, were barred by limitations. ECF No. 132. The court of appeals found in this very case that relation back under Rule 15 did not apply under the facts of this case. *Id.* Plaintiffs do not explain how the analysis of the statute of limitations in connection

4

with Baker and Zimmerman would differ from the Fifth Circuit's analysis with respect to Morelli and Arroyo.

Leave to amend to add Baker and Zimmerman is **DENIED**.

Signed at Houston, Texas, on March 28, 2024.

_____
Peter Bray
United States Magistrate Judge