**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN ALLEN, JR., Individually and as a Representative of the Estate of JOHN ALLEN, LAWTON ALLEN, SHERMAN ALLEN, and MARTHA VAUGHN,** | § § § § § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. 4:18-CV-00171** |
| | § | |
| **CITY OF HOUSTON, TEXAS, JUSTIN THOMAS HAYES, APRIL PALATINO, M. ARROYO, and DIEGO MORELLI, Individually,** | § § § § § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT JUSTIN HAYES'S STATUS REPORT**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Comes now Defendant Justin Hayes and files this Status Report in advance of the April 11, 2024, status conference:

**A.      Plaintiffs' Outstanding Discovery Responses**

Plaintiffs were ordered to "supplement with full, accurate and complete information all outstanding discovery, including the items identified by Defendant in ECF No. 161-1" by February 26, 2024.  [Doc. #190.]  Previously, Plaintiffs had been ordered to do this by December 20, 2023.[1] Defendant's January 18, 2024, status report detailed the deficiencies Plaintiffs failed to address. [Doc. #186.]

On February 27, 2024, Plaintiffs served supplemental responses to a handful of Defendant's requests for production, claiming again to have attached materials that were not attached.  Plaintiffs did not serve *any* supplemental answers to interrogatories, their previous

---

[1] Docs. #174-1, Transcript of 11/16/2023 status conference at 37; #179, #181.

supplement was incomplete and so contradictory that they further confused the little information Plaintiffs had originally provided.  [Doc. #186 at 2-8; Doc. #161-1.]

In response to Requests for Production, Plaintiffs produced:

- *Unsigned and incomplete* "cell phone" release forms for John Allen Sr., Jr., and Lawon Allen.

- John Allen, Sr.'s obituary.

- two photographs that are not responsive to the Defendant's requests for production.

- John Allen Jr.'s incomplete IRS wage and income transcript for 2019, 2020, 2021, 2022.

- A Social Security Administration letter for Lawon Allen indicated that he receives disability benefits.  Plaintiffs indicated that Lawon Allen is disabled by a mental health disorder, however, they have not provided documentation or answered interrogatories identifying these conditions, dates of onset, treatment, and providers (assessment, diagnosing or treating providers).

- A declaration in support of reasonable attorney's fees was produced by Debra Jennings.

Plaintiffs still have not produced:

- Any wage or income records for Sherman Allen despite him owning a business for many years.

- John Allen Jr.'s wage or income/benefits records for 2010 through 2018.

- Lawon Allen's wage or income/benefits records for 2010 through present.

- John Allen Sr.'s income, retirement, and benefits from 2010 through 2015.

- Documentation relating to or substantiating any element of damage, including

documentation regarding medical or psychological bills, or any other element of damages you intend to present at trial.

- Documentation relating to or substantiating your or any claim for damages for pre-death pain and suffering and loss of earning capacity.

- Plaintiffs still have not answered interrogatories or produced requested records regarding psychological and medical conditions and providers of any of the Plaintiffs, despite indicating Martha Vaughn and Sherman Allen both reside in nursing homes and have medical issues. Plaintiffs indicated that Lawon Allen is disabled by a mental health disorder, however, they have not provided documentation or answered interrogatories identifying these conditions, dates of onset, treatment, and providers (assessment, diagnosing or treating providers). Plaintiffs have not produced John Allen, Sr.'s, medical records or providers other than the VA.

- Copies of contracts of attorneys' fees agreements with Debra Jennings, U.A. Lewis, and/or Arthur Schecter.

- Phone records and text messages for each of the Plaintiffs and John Allen, Sr.

- Photographs of the Plaintiffs with John Allen, Sr., between 2010-2015.

- Photographs taken by or of John Allen, Sr., from 2010-2015. Plaintiffs have John Allen Sr.'s cellular phone and access to his records.

- Several responses to requests for production are BLANK.

Plaintiffs have not served any supplemental or amended interrogatory answers since the parties conferred. They have not cured any of the deficiencies detailed in Defendant's January 18, 2024, status report. [Doc. #186 at 2-9; Doc. #161-1.] Plaintiffs should be excluded from

presenting evidence or testimony, or seeking damages, for which they failed to provide full and complete answers to interrogatories, including the information requested by Defendant's interrogatory numbers 2, 3, 4, 5, 6, 11, 12, 13, 21, and 23.

**Martha Vaughn** has not served any responses to either Defendant's Interrogatories or Request for Production, which were due on or before August 31, 2023. Her claims should be dismissed for failure to comply with the rules and the Court's Orders.

**B.**     **Plaintiffs' withholding of Information and Evidence Critical to the Defense.**

Defendant did not ask for cell phone record releases. He asked for text messages and communication records for each of the Plaintiffs for specific timeframes. Plaintiffs did not object and waived their objections. They are required, under the rules, to provide those records. If they refuse to do so, they should at least provide a timely, complete, and fully executed release for that information so Defendant may obtain it. Plaintiffs' **unsigned, illegible, or incomplete, cell phone release forms**, do not suffice. Suggestions that Plaintiffs do not have the records or information are incredible, and insufficient to prejudice Defendant's entitlement to discovery he timely served. Plaintiffs had an obligation to preserve evidence and information relevant to their lawsuit against Defendant.

These records are important for a number of reasons. First, Plaintiffs continue to insist that John Allen, Sr., never had any gun and did not have a gun in his pocket the night of the encounter. Plaintiffs deny the gun even though after securing Mr. Allen, a gun was found in his vehicle that exactly matches the gun Defendant Hayes described seeing Allen pull from his pocket less than five seconds after firing his weapon. Plaintiffs deny the gun even though their attorney of record admitted that the gun was John Allen, Sr.'s, that family members had seen and recognized the gun, and the gun had been given to Allen as payment for helping a friend move using his truck. In response to discovery, Plaintiffs each have denied seeing the gun, denied its existence, and refused

to identify the circumstances or individual from whom Allen obtained the gun. John Allen, Sr.'s, cell phone and landline phone records and text message communications, photographs taken by or of him in the year preceding his death, are needed so that Defendant can identify the source of the gun and disprove Plaintiffs' fabrications about a planted gun.

Second, this information is needed to identify Allen's associates as well as his relationships to the Plaintiffs, who seek survival and wrongful death damages from Defendant Hayes. Evidence of the nature and duration of Plaintiffs' relationships with the decedent, including frequency of contact and communications, quality of relationship, photographs, phone calls, holidays, are required to substantiate wrongful death damages claims. *Gregory v. Chohan*, __ S.W.3d __, No. 21-0017, 2023 WL 4035886 (Tex. June 16, 2023). Plaintiffs have no recollection of Allen's associates, employment, income, healthcare providers, the identity of his romantic partner he was preparing to move in with or the address. The above records are necessary so that Defendant can piece together some of this information.

Plaintiffs seek all categories of damages, without having identified mental health and medical providers, their conditions (preexisting and subsequent), without having identified what injuries they are claiming the Defendant caused them, and without providing the amount and method of calculation of damages they seek in this case.

Plaintiffs seek attorney's fees and costs without having provided copies of attorneys' fees agreements with Debra Jennings, U.A. Lewis, and/or Arthur Schecter. Instead, a declaration in support of reasonable attorney's fees was produced by Debra Jennings.

## CONCLUSION AND PRAYER

Plaintiffs' continued noncompliance with the Court's orders and refusal to provide discovery that Defendant requested on August 1, 2023, is entitled to, and needs to prepare his

defenses, investigate, and prepare for depositions, summary judgment, and for trial, warrants

sanctions up to and including dismissal of their claims. At minimum, Plaintiffs' evidence and

damages claims should be excluded.

Defendant requests that the Court enter an order excluding Plaintiffs from presenting any

evidence or testimony for which they have not fully produced discovery responses or disclosures,

or claiming any injuries and damages. Plaintiffs should be barred from disputing the existence,

location, ownership of the firearm found in John Allen, Sr.'s, vehicle. Plaintiffs' evidence,

including testimony and claims for damages, should be limited to that which they have specified,

identified in responses to interrogatories, and for which they have provided complete responses to

Defendant's reasonable requests for production.

Defendant requests that the Court order Plaintiffs to fully comply within 7 days, and

alternatively impose sanctions up to and including dismissal of their claims for the continuing

failure to comply with the Court's orders and discovery rules.

<div style="margin-left: 40%;">

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

By:  */s/ Melissa Azadeh*
MELISSA AZADEH
TBN 24064851
FBN 1090186
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby Street, Third Floor
Houston, Texas 77002
Tel. 832-393-6270
Fax 832-393-6259
melissa.azadeh@houstontx.gov
**ATTORNEYS FOR DEFENDANT**
**JUSTIN HAYES**

</div>

<center>*CERTIFICATE OF SERVICE*</center>

On this 5th day of April 2024, a true and correct copy of the foregoing document was duly served upon all parties through their attorneys of record by electronically filing same with the District CM/ECF system, in accordance with the Rules, and/or alternatively by e-mail or facsimile transmission, to the following:

Debra V. Jennings
Law Office of Debra V. Jennings
6140 HWY 6, #269
Missouri City, Texas 77459
lawyerdvj@gmail.com

*/s/ Melissa Azadeh*
Melissa Azadeh