IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ALLEN, JR. et al., | § | |
| *Plaintiff.* | § | CAUSE NO.: |
| | § | 4:18-cv-00171 |
| vs. | § | |
| | § | JURY DEMANDED |
| JUSTIN THOMAS HAYES, | § | |
| *Defendant.* | | |

**PLAINTIFF'S RESPONSE WITH COURT'S ORDER TO SHOW**

**CAUSE**

**TO THE HONORABLE JUDGE PETER BRAY:**

Plaintiff filed this their Response in compliance with the order to show cause and would show the court the following:

### I. INTRODUCTION

This case involves the wrongful death of John Allen, Sr.. Who was killed by defendant, Justin Thomas Hayes. The claims remaining against Justin Hayes are for alleged excessive force, deliberate indifference to serious medical need, and false arrest for the alleged handcuffing of John Allen, Sr., after the shooting.

The claims are that Plaintiffs repeatedly failed to comply with the Court's discovery orders and rules, leading to Defendant's motion for sanctions under Rules 37 and 41.

1

Defendant alleges that despite multiple Court orders and warnings, Plaintiffs did not *fully* respond to Defendant's interrogatories and requests for production by the specified deadlines. However, Plaintiffs have provided discovery response offering to provide supplemental responses Defendant at the status conference but the defendant left the conference without taking them from Plaintiffs' counsel. Plaintiff has provided the following supplements to the request by the defendant.

•Any wage or income records for Sherman Allen. **No documents responsive to this request exist. Plaintiff intends to provide IRS release authorizations contemporaneously with this response.**
• John Allen Jr.'s wage or income/benefits records for 2010 through 2018. **No documents responsive to this request exist. Plaintiff intends to provide IRS release authorizations contemporaneously with this response.**
• Lawon Allen's wage or income/benefits records for 2010 through present. **No documents responsive to this request exist. Plaintiff will provide IRS release authorizations contemporaneously with this response.**
• John Allen Sr.'s income, retirement, and benefits from 2010 through 2015. **No documents responsive to this request exist. Plaintiff intends to provide IRS release authorizations contemporaneously with this response.**
• Documentation relating to or substantiating any element of damage, including documentation regarding medical or psychological bills, or any other element of damages you intend to present at trial. **No documents responsive to this request exist. Plaintiff intends to provide testimony to support mental anguish damages.**

2

• Documentation relating to or substantiating your or any claim for damages for pre-death pain and suffering and loss of earning capacity. **Body Worn Camera footage from Officer's Hayes, and Salina.**
• Plaintiffs still have not answered interrogatories or produced requested records regarding psychological and medical conditions and providers of any of the Plaintiffs, despite indicating Martha Vaughn and Sherman Allen both reside in nursing homes and have medical issues. Plaintiffs indicated that Lawon Allen is disabled by a mental health disorder, however, they have not provided documentation or answered interrogatories identifying these conditions, dates of onset, treatment, and providers (assessment, diagnosing or treating providers). **Plaintiff does not have access to these records but will supplement once they are accessed.**
Plaintiffs have not produced John Allen, Sr.'s, medical records or providers other than the VA. **No other documents are in plaintiff's possession; however, plaintiff intends to provide medical release authorizations contemporaneously with this response.**
• Phone records and text messages for each of the Plaintiffs and John Allen, Sr. **This request is not limited in time and any records requested for the relevant period are not in plaintiff's possession.**
• Photographs of the Plaintiffs with John Allen, Sr., between 2010-2015. **Also see produced obituary photos.**
• Photographs taken by or of John Allen, Sr., from 2010-2015. Plaintiffs have John Allen Sr.'s cellular phone and access to his records. **Also see obituary photos and other photos attached. Plaintiff reserves the right to supplement.**

The Court ordered Plaintiffs to serve complete responses to requests for production and sworn interrogatory answers, curing all deficiencies identified by Defendant by 05/17/2024, which Plaintiffs complied with although not to the defendant's satisfaction, since printed names not signed authorizations were not included.

3

The *signed* and printed authorizations have been produced to the defendant contemporaneously with this response.

Plaintiffs met the deadline given for serving supplemental expert reports and were unable to meet the deadline for completing discovery under the new scheduling order being entered on 5/11/2024.

The discovery deadline is currently September 30, 2024. Dismissal of Plaintiffs' claims against Defendant is unwarranted. Plaintiffs' has obeyed the Court's discovery orders.

## II.ARGUMENT AND AUTHORITIES

The relief requested for the discovery dispute was that the Plaintiffs should be excluded from presenting evidence or testimony, or seeking damages, for which they failed to provide full and complete answers to interrogatories, including the information requested by Defendant's interrogatories, not dismissal as to all plaintiffs. Defendant requested dismissal of claims by Martha Vaughn, who is incapacitated, for failure to comply with the rules and the Court's Order to respond to discovery, and dismissal for the claims by Marth Vaughn should be without prejudice. When this case began Ms. Vaughn had full mental capacity but unfortunately

4

has since suffered a stroke, according to her family. She is unable to meaningfully participate in litigation but can bring her claims through a next friend which was denied, but reconsideration will be sought and a more laborious and burdensome resort of opening a probate case to have a guardian ad litem assigned was demanded by the defendant, which is not only financially burdensome but not guaranteed since in 2015 the probate code determined it now disfavors guardianship and prefers the promotion of the less restrictive supported decision-making instead[1].

The response to the motion was due on July 8, 2024. the Harris County region was significantly impacted by Hurricane Beryl. Plaintiffs' counsel is located in Fort Bend County, Texas. On July 5, 2024, Acting Governor Dan Patrick preemptively declared a state of disaster in 40 counties, and on July 6, 2024, he expanded the declaration to 81 additional counties. It recognized that court proceedings in some counties have been and continue to be affected by the disaster because of closures of courts and clerks' offices and difficulties with access, electricity, internet, travel, and

---

[1] During the 84th Texas Legislative Session in 2015, legislators passed new laws that made Texas the first state to have laws recognizing supported decision-making agreements as an alternative to guardianship. Supported decision-making allows individuals to make their own decisions and stay in charge of their lives, while receiving the help and assistance they need to do so. These laws include:

5

communication by lawyers, parties, and others. Harris and Fort Bend Counties and in particular that area the undersigned is located was without electricity for weeks. Counsel for plaintiffs was affected by the lack of power for nearly a week and lack of internet access at home and at the office for an even longer period of time. Counsel was unable to meet and confer with the Plaintiffs regarding their discovery responses. Counsel was further unable to access most web based systems including practice management systems with client information, and client files as a result of the disruption. The aftermath of the hurricane has resulted in ongoing delays and a backlog of deadlines, despite the restoration of power and internet services. The failure to timely respond to the defendant's motion was not due to conscience difference rather excusable neglect. The Fifth Circuit has concluded that "although we have endorsed the adoption of local rules that require parties to file responses [*4] to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1986). In fact, the Fifth Circuit has explicitly held that "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the

6

motion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.,* 702 F.3d 794, 806 (5th Cir. 2012). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendant's motion would be improper and the Court will consider the merits of Defendant's arguments below. Furthermore, Defendant has not filed and served a Motion to Compel production of the specific items of discovery. Nor has Plaintiff been placed on notice that she would be sanctioned as for which defendant or any specific defendant or all defendants.

Lesser sanctions are not futile and can cure the substantial prejudice to Defendant, and the defendant fails to provide the court with any case law to support the determination that Lesser sanctions would be futile. Dkt. 217

Rule 37 of the Federal Rules of Civil Procedure, which provides for sanctions in the context of discovery violations, and sanctions of dismissal under FRCP 37 rule are improper and unduly harsh and plaintiffs are entitled to notice by the court before imposing the penalty of dismissal requested by the defendant.

Martha Vaughn lacks capacity to respond to discovery requests. She is 91 years old and suffered a stroke in 2019.

7

Defendant objected to her claims being brought by a next friend, her daughter, Debra who was capable of appearing in her place and assisting in supplying responses to the discovery directed at the incompetent plaintiff. The Court denied the requests. Vaughn did not serve any discovery responses since she lacks capacity to do so.

Plaintiff requested the opportunity to substitute plaintiff Ms. Vaughn with a next friend, not an ad litem. Appointment of a guardian ad litem through the probate court is not feasible and is unnecessary. The appointment of a guardian ad litem is not necessary until this case resolves and a settlement needs to be approved. A minor may be represented by a next friend due to the minor's lack of capacity to bring or maintain a suit on the minor's own behalf. Just as a next friend can represent a minor who lacks capacity and is rendered incompetent, so can a next friend bring a claim on behalf of any incapacitated plaintiff.

### III. CONCLUSION AND PRAYER

The defendant has not shown by clear and convincing evidence that dismissal based on inadequate response is not appropriate. Here the plaintiffs have not failed to attend any

8

properly noticed depositions or comply with court orders; that conduct was directly attributable to plaintiffs, and not their attorney. Plaintiffs have not acted in bad faith, nor have they been placed on notice of risk of dismissal. The failures alleged by the defendant are not a record of contumacious conduct sufficient to warrant dismissal.

By: /s/ Debra *V. Jennings*
Debra Jennings
Federal Bar No. 14373
State Bar No.10631850
6140 Hwy #6, #269
Missouri City, Texas 77459
(832) 904-4666 (Telephone)
(832) 230-4452 (Facsimile)
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all parties by ECF electronic filing service on August 23, 2024.

/s/ Debra *V. Jennings*
Debra Jennings

9