United States District Court
Southern District of Texas
**ENTERED**
September 13, 2024
Nathan Ochsner, Clerk

**Cause Number:** 4:18-CV-171

**Style:** John Allen Jr., et al. v. Justin Hayes

**Appearances:**

| Counsel: | Representing: |
|---|---|
| Debra Jennings (not present) | John Allen, Jr. |
| | Estate of John Allen, Sr. |
| | Martha Vaughan |
| | Lawon Allen, Jr. |
| | Mr. Sherman Allen |
| Melissa Azadeh | Justin Hayes |

Date: September 13, 2024         ERO: Yes

Time: 10:01 – 10:18 a.m.

# HEARING
## MINUTES AND ORDER

At the hearing the following rulings were made:

## PLAINTIFFS' FAILURE TO FULLY COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED WITH PREJUDICE.

On May 7, 2024, the court denied the Defendant's Motion for Sanctions without prejudice and ordered that "both parties shall fully, finally, completely, and exhaustively supplement their responses to all outstanding discovery requests. Plaintiffs shall serve a complete and final answer to all interrogatories, without reference to prior answers, such that the Defendant may refer only to the final version of the answer to the interrogatories. Each Plaintiff shall respond to interrogatories

separately." ECF No. 214. The court also ordered Plaintiffs to request their phone records and to provide proof of the request to Defense Counsel by May 10, 2024. *Id.*

On June 16, 2024, Defendant Justin Hayes filed a Motion for Sanctions under Federal Rules of Civil Procedure 37 and 41. ECF No. 217. According to Defendant, Plaintiffs did not comply with the May 7, 2024 Order. *Id.* at 3. Plaintiffs did not respond to the Motion for Sanctions. The court entered an Order to show cause on August 19, 2024, requiring a response, ECF No. 228, which Plaintiffs filed on August 23, 2024, ECF No. 229. The Response argues that Plaintiffs have complied generally with their discovery obligations, but does not show that they have complied with the May 7, 2024 Order.

The court held a hearing on September 13, 2024. Plaintiffs' Counsel failed to appear at the hearing or request a continuance. Counsel for Defendant represented that it has not received any discovery responses or documents from Plaintiff since the May 7, 2024 hearing, including the phone records or the requests for them.

Fed. R. Civ. P. 37(d)(3), which provides sanctions for a party's "Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection," states:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both *to pay the reasonable expenses, including attorney's fees, caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(emphasis added). Ms. Jennings failed to serve answers to interrogatories or otherwise comply with the May 7, 2024 Order, ECF No. 214. Such failures have made the Motion for Sanctions and the hearing on it necessary. The Motion for Sanctions is **GRANTED IN PART**. The court orders Ms. Jennings to pay Defendant's reasonable attorney's fees of $3,150 by September 30, 2024. Instructions for payment will be provided to Plaintiffs' Counsel by Defendant's Counsel.

By September 30, 2024, Plaintiffs are **ORDERED** to comply with the court's May 7, 2024 Order, ECF No. 214. ***FAILURE TO DO SO WILL RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED WITH PREJUDICE.***

The parties will file a joint status report by October 1, 2024, stating the status of discovery. Defendant shall state whether he intends to re-urge the motion for sanctions.

All existing deadlines are vacated.

The Clerk will file the Minutes and Order and provide copies to the parties.

_____
Peter Bray
United States Magistrate Judge