United States District Court
Southern District of Texas
**ENTERED**
October 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ALLEN, JR., LAWON ALLEN, JR., ESTATE OF JOHN ALLEN, SR., SHERMAN ALLEN, and MARTHA VAUGHAN, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:18-CV-00171 |
| JUSTIN HAYES, CITY OF HOUSTON, TYLER SALINA, APRIL PALATINO, M. ARROYO, and DIEGO MORELLI, | § § § § § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the September 13, 2024, Hearing Minutes and Order prepared by Magistrate Judge Peter Bray. (Dkt. No. 233). Judge Bray made findings and conclusions and recommended that Defendant's Motion for Sanctions, (Dkt. No. 217), be granted in part; that Ms. Debra Jennings be ordered to pay Defendant Justin Hayes reasonable attorney's fees of $3,150 by September 30, 2024; and that Plaintiffs be ordered to comply with Judge Bray's May 7, 2024 Order, (Dkt. No. 214), or risk having the case dismissed with prejudice.

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On September 28, 2024, Plaintiffs filed several objections to Judge Bray's order. (Dkt. No. 238); (Dkt. No. 240). First, Plaintiffs object that sanctions are not justified because the Plaintiffs' failure to appear at the

September 13 hearing resulted from a chronic illness. (*Id.* at 8); (Dkt. No. 240 at 9–10). Second, Plaintiffs challenged Judge Bray's award of attorney's fees. (Dkt. No. 238 at 8–9); (Dkt. No. 240 at 6, 10). Third, Plaintiffs objected that Judge Bray did not consider a lesser sanction than the death-penalty sanctions. (Dkt. No. 238 at 9); (Dkt. No. 240 at 10). Fourth, Plaintiffs objected that Judge Bray was biased in favor of the City of Houston. (Dkt. No. 238 at 9); (Dkt. No. 240 at 11). On October 14, 2024, Defendant Justin Hayes responded to Plaintiffs' objections. (Dkt. No. 246).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Magistrate Judge Peter Bray's Hearing Minutes and Order, (Dkt. No. 233), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Defendant's Motion for Sanctions, (Dkt. No. 217), is **GRANTED in part**;

(3) Ms. Debra Jennings is **ORDERED** to pay Defendant Justin Hayes reasonable attorney's fees of $3,150 by October 30, 2024; and

(4)  Plaintiffs are **ORDERED** to comply with Judge Bray's May 7, 2024 Order, (Dkt. No. 214), and failure to do so will result in this case being dismissed with prejudice.

It is SO ORDERED.

Signed on October 21, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**