THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ALLEN, JR., Individually and as a Representative of the Estate of JOHN ALLEN, LAWTON ALLEN, SHERMAN ALLEN, AND MARTHA VAUGHN,<br>*Plaintiff,*<br><br>V.<br><br>CITY OF HOUSTON, TEXAS, JUSTIN THOMAS HAYES, APRIL PALATINO, M. ARROYO , and DIEGO MORELLI, Individually,<br>*Defendants.* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:18-cv-00171<br><br>JURY DEMANDED |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENFORCE THE DISTRICT COURT'S 10/21/2024 ORDER, MOTION REURGING DISMISSAL AS A SANCTION, AND OBJECTIONS TO MAGISTRATE JUDGE'S 11/6/2024 RULINGS AND 11/7/2024 ORDER, AND MOTION TO SET ASIDE DISTRICT COURT 10/21/24 ORDER

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff John Allen, Jr., et al., files this his response to Defendant's Motion to Enforce the District Court's 10/21/2024 Order, Motion Reurging Dismissal as a Sanction, and Objections to Magistrate Judge's 11/6/2024 Rulings and 11/7/2024 Order. Plaintiff respectfully shows the court the following.

### APPLICABLE LEGAL STANDARDS

Our caselaw imposes a heighted standard for litigation-ending sanctions (sometimes

called "death penalty" sanctions). For a lesser sanction, we broadly require the district court to determine the sanctions are "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." *Compaq Comput. Corp. v. Ergonome Inc.,* 387 F.3d 403, 413 (5th Cir. 2004) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)).

But the district court must make four additional findings to impose a litigation-ending sanction: (**1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation "substantially prejudice[d] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired *759 deterrent effect."** *FDIC v. Conner,* 20 F.3d 1376, 1380-81 (5th Cir. 1994).

## SUMMARY OF RELEVANT PROCEDURAL BACKGROUND

**The Magistrate Judge specified that nothing more was required from the Defendant and that Plaintiffs' failure to comply would result in dismissal of claims with prejudice.**

*The Court never promised to deny Plaintiff due process as defendant suggest.*

The court stated that the defendant need to do nothing more relating to filing another motion. It did not mean that the court would not conduct the proper inquiry as to whether the conduct complained of was actually sanctionable conduct. The defendant, Justin Hayes suggest the court should not scrutinize his complaints take him at his word that the request were appropriate and the responses were inadequate to support dismissal and no lesser sanction

would satisfy the court's objective. There must be an inquiry whether the allegations by defendant are true, whether valid sanctionable conduct truly exists, then.

**I. Objections to Magistrate Judge's Rulings and Motion to Enforce Order Dismissing Case.**

**A. Defendant established Plaintiffs' failure to comply and reasserted his motion for sanctions in the manner ordered by the Magistrate Judge and adopted by the District Court.**

<u>Verification for interrogatory answers served on September 30, 2024:</u>

The verification of interrogatory answers that plaintiff's complains of not receiving have in fact been served on Defendant.

<u>Verifications with interrogatory answers served in 2023:</u>

Because the verification complained about have been served; the issue is moot and thus been cured.

**B. The Magistrate Judge's reversal of rulings and retroactive denial of Defendant's motion for sanctions exceeded his authority and was clearly erroneous and contrary to law.**

The very motion for sanctions defendant complains has been overruled by the magistrate judge exceeding the magistrate judge's authority, has not been overruled at all, it is still live but should be limited to the relief sat in the defendants motion for sanctions.

The Defendant's relief requested an his motion for sanctions was full compliance with

outstanding discovery. Defendant received full compliance with Discovery and therefore plaintiff has no obligation to proceed.

Defendant filed a motion to compel and request for sanctions. Dkt. –. The motion did not seek monetary sanctions of $3,000, the relief ordered by the court to be paid to Plaintiff.

**C. The Magistrate Judge's Retroactive Rulings deprive Defendant of his right to review under Rule 72.**

**II. Motion to Enforce the October 21, 2024, Order.**

*The order exceeded the relief requested by defendant*

Defendant filed a motion to compel and request for sanctions.

**A. Further delays and opportunities to comply are futile and Plaintiffs should not be allowed to avoid the consequences of their conduct throughout this litigation that has incurably prejudiced the Defendant.**

## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Motion to enforce should be denied in all respects. This case should be decided purely on the merits.

Respectfully Submitted,

The Lewis Law Group PLLC.
By: /s/ U.A. Lewis
U.A. Lewis
State Bar No. 24076511
P. O. Box 27353
Houston, TX 77227

myattorneyatlaw@gmail.com  
Attorney-in-charge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to each counsel of record by electronic means on December 10, 2024.

*/s/ U.A. Lewis*
*U.A. Lewis*