IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON, DIVISION

| | |
|---|---|
| JOHN ALLEN JR., *Individually, and as a representative of* THE ESTATE OF JOHN ALLEN and LAWTON ALLEN <br><br> v. <br><br> JUSTIN THOMAS HAYES, in his individual capacity, | CIVIL ACTION NO.4:18-CV-00171 <br> JURY DEMANDED |

## MOTION TO RECONSIDER MOTION TO STAY AND ORDER [Dkt 250]

Plaintiffs file this Motion for Reconsideration Stay of All Activity and Discovery Order and Allow Leave to File Motion to Reconsider District Court's Relief in Order. Dkt. 250

## PROCEDURAL HISTORY

This case is nearly ten years old, Plaintiff Sherman Allen was 88 years old when his son was killed, he is 97 today. Due to technicalities and non-merit-based issues, justice has been delayed for nearly a decade in this case. The Court delay in moving forward has rested on these purported deficiencies. Since the case was filed, it has been appealed to the Fifth Circuit twice. Recently, the Court issued an order staying the case without delay.

On May 7, 2024 Magistrate Judge Bray ordered the defendant alleged discovery deficiencies be cured by the Plaintiffs. Dkt. 214.

Judge Tipton issued an order granting Defendant's Motion for Sanctions, Dkt. No. 27 was granted in part ordering Ms. Debra Jennings to pay Non-Party, The City of Houston, reasonable attorney's fees by October 30, 2024. Jennings paid The City of

Houston (non-party) the ordered sanction. The City cashed the check payment and Plaintiffs were further ordered to comply with Judge Brays May 7, 2024 Order, and failure would result in this case being dismissed with prejudice. 10/22/2024.

Plaintiffs are prejudiced by the relief current order since there was never an evidentiary hearing to review whether the Discovery responses were indeed deficient to warrant death penalty sanctions, rather based on Hayes' counsel's perception and conclusions that the responses to written discovery were deficient.

The court never made an independent evaluation as to each plaintiff's responses or whether a good faith effort was made prior to issuing the order including the death penalty sanction.

Also prior to issuing the order the Court overlooked the defendant's failure to *certify* that the defendant conferred or attempted to confer with Plaintiff in good faith to obtain discovery responses without court action required under Rule 37(d)(1)(B).

Another plaintiff, Ms. Vaughn, Mr. Allen's mother, has experienced a mental decline as she approaches her 92nd birthday. She had a stroke three years ago. She is not able to participate in discovery and much of the deficiencies complained of by the defendant are a direct result of her inability to participate in discovery or complete discovery. Given that Ms. Vaughn has not been seen by a physician to provide evidence that she has lost mental capacity, and therefore undersigned counsel is unable to adequately respond on her behalf, the following three options remain for the undersigned to consider. Dismissal of Ms. Vaughn's claims without prejudice, as opposed to dismissal with prejudice due to inability to participate in discovery; alternatively, motion to

withdraw as counsel for Ms. Vaughn. There is a motion pending this option. Continue the case on Ms. Vaughn's behalf by allowing a next friend to proceed.

In order to prevent prejudice against the Plaintiffs, an evidentiary hearing is required to provide a thorough review of the alleged deficiencies. This will ensure that the Plaintiffs are afforded due process and fundamental fairness.

## ARGUMENT AND AUTHORITY

FRCP Rule 37(d)(1)(B). Requires a certification to accompany a motion for sanctions. A motion for sanctions for failing to answer or respond *must* include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. Hayes's counsel failed to comply and did not confer in good faith prior to filing the motion. There was no analysis to determine whether plaintiffs had actually failed to respond in good faith, only the representations by the defendant's counsel. There were no findings after the review of each request by the Court concluding which discovery responses were deficient.

## CONCLUSION AND PRAYER

As such, Plaintiffs respectfully request this Honorable Court to reconsider its order regarding stay of activities and discovery to allow an evidentiary hearing to go forward on the sufficiently of the discovery responses alleged to be simply the same responses and referring to prior responses. The current order allowing for dismissal

relating to the alleged continued deficiencies, as the defendant represented, without evidence and specific analysis showing substantial non-compliance is not ripe prior to a consideration whether the responses were in fact deficient prior to the death penalty order being issued and further neither the order nor the motion is specific to each plaintiff in addition to the lack of required Rule 37 (d) certification in the motion for sanctions.

Respectfully submitted,

*By:* THE LEWIS LAW GROUP, PLLC.

/s/U. A. Lewis

U. A. Lewis
*State Bar No. 24076511*
*Federal Bar No. 1645666*
*P. O. Box 27353*
*Houston, TX 77227*
*Telephone: (713)570-6555*
*Facsimile: (713) 581-1017*

*By:* /s/ Debra V. Jennings
Debra V. Jennings
*State Bar No. 10631850*
*Federal Bar ID: 14373*
*Law Office of Debra V. Jennings*
*6140 HWY 6, # 269*
*Missouri City, Texas 77459*
*Telephone (832) 904-4666*
*Facsimile: (1832)442-3700*
 *Email: lawyerdvj@gmail.com*
ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served ECF to all counsel on this the 3rd day of March, 2025.
/s/U. A. Lewis

/s/U. A. Lewis