United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ALLEN, JR., LAWON ALLEN, JR., ESTATE OF JOHN ALLEN, SR., SHERMAN ALLEN, DEBORAH DAVIS, and MARTHA VAUGHAN, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Case No. 4:18-CV-00171 |
| JUSTIN THOMAS HAYES, CITY OF HOUSTON, TYLER SALINA, APRIL PALATINO, M. ARROYO, DIEGO MORELLI, ALTON BAKER, and ZIMMERMAN, | § § § § § § § § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the November 6, 2024, Hearing Minutes and Order ("November 6 Order") prepared by Magistrate Judge Peter Bray. (Dkt. No. 254). The November 6 Order stated that Defendant Justin Thomas Hayes may file a renewed motion for sanctions if he believes that Plaintiffs did not comply with the undersigned District Judge's October 21, 2024, Order, (Dkt. No. 250). (Dkt. No. 254 at 2).

On November 19, 2024, Hayes filed objections to the November 6 Order, (Dkt. No. 259 at 9–18), and a motion to enforce this Court's October 21, 2024, Order, (*id.* at 18–22). First, Hayes argues that Judge Bray's November 6 Order refused to enforce this Court's October 21, 2024, Order. (*Id.* at 9–10). Second, Hayes asserts that he reasserted his motion for sanctions as Judge Bray instructed. (*Id.* at 10–15). Third, Hayes contends that Judge

Bray exceeded his authority by refusing to dismiss the case and misinterpreting this Court's October 21, 2024, Order. (*Id.* at 15–17). Fourth, Hayes argues that Judge Bray deprived him of his right to review under Rule 72. (*Id.* at 17–18).

The Court "may reconsider any pretrial matter [referred to a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Under Rule 72(a), the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Parties have been engaged in this discovery dispute since at least September 2023. (*See, e.g.*, Dkt. No. 143 at 1) (requesting "a pre-motion conference to address the Plaintiffs' failure to respond to requests for written discovery."). Judge Bray and the undersigned have repeatedly ordered Plaintiffs to supplement their deficient discovery responses with "full, accurate, and complete information." (*See, e.g.*, Dkt. No. 168 at 2); (Dkt. No. 190 at 1); (Dkt. No. 214 at 1); (*see also* Dkt. Nos. 233, 250, 254). Plaintiffs' counsel failed to appear at two court hearings without requesting a continuance or providing prior notice. (Dkt. No. 188) (absent from January 22, 2024, Hearing); (Dkt. No. 233) (absent from September 13, 2024, Hearing). Hayes has repeatedly sought sanctions, including dismissal of Plaintiffs' claims. (Dkt. No. 208 at 5–6); (Dkt. No. 217 at 1–16); (Dkt. No. 244 at 3–4); (Dkt. No. 259 at 22).

On May 7, 2024, Judge Bray denied Hayes's April 2024 sanctions request, (Dkt. No. 208 at 5–6), and ordered that specific discovery be conducted by May 17, 2024, (Dkt. No. 214 at 1). On June 17, 2024, Hayes renewed his request by filing a Motion for Sanctions, arguing that Plaintiffs had not complied with the May 7, 2024, Order. (Dkt.

2

No. 217 at 3, 10–16). Plaintiffs did not respond. On August 19, 2024, Judge Bray issued an Order to Show Cause. (Dkt. No. 228). Plaintiffs responded on August 23, 2024. (Dkt. No. 229).

Judge Bray held another hearing on September 13, 2024. (Dkt. No. 233). Plaintiffs' counsel again failed to appear or request a continuance. (*Id.* at 2). Judge Bray ordered Plaintiffs' counsel to pay Hayes reasonable attorney's fees as a sanction. (*Id.*). Contrary to Plaintiffs' objections, (Dkt. No. 238 at 1, 11, 17–20), Judge Bray did not impose "death penalty" sanctions, but instead imposed lesser monetary sanctions to obtain compliance, (*see* Dkt. No. 233 at 2–3). Judge Bray also ordered Plaintiffs to comply with his May 7, 2024, Order by September 30, 2024. (*Id.* at 3). He twice emphasized in bold that failure to comply would result in a recommendation that the case be dismissed with prejudice. (*Id.* at 1, 3).

On October 21, 2024, this Court adopted Judge Bray's September Order, (*id.*), and reiterated that Plaintiffs must comply with his May 7, 2024, Order, (Dkt. No. 214), or risk dismissal with prejudice, (Dkt. No. 250 at 3).

On November 6, 2024, Judge Bray held another hearing. (Dkt. No. 254). Both Parties appeared. (*See id.* at 1). Judge Bray again ordered the Parties to address outstanding discovery requests and file a joint status report by November 15, 2024. (*Id.*). He further stated that Hayes could file a renewed motion for sanctions if he believed that Plaintiffs had not complied with this Court's October 21, 2024, Order, (Dkt. No. 250). (Dkt. No. 254 at 2).

The Parties did not file a joint status report. Hayes then objected to Judge Bray's November 6 Order, (*id.*), sought enforcement of prior orders, and again urged dismissal, (Dkt. No. 259). Those objections are now before the Court.

The record does not clearly establish that Hayes is entitled to the severe sanctions he requests. Judge Bray directed Hayes to file a *new* motion for sanctions so that the issue could be addressed through a single motion and response. (*See* Dkt. No. 254 at 2). Hayes now asks Judge Bray to rely on earlier filings—including a previously adjudicated motion for sanctions—to make a significant ruling. (*See generally* Dkt. No. 259). Although Judge Bray may have earlier suggested that Hayes could re-urge his motion without further filings, (*see id.* at 17), Judge Bray has since made clear that a new filing is required, (Dkt. No. 254 at 2). He is entitled to make that determination, and doing so is not improper. Hayes's objections are overruled. To the extent that Plaintiffs raise objections in their responses, they are also overruled.

The Court has carefully reviewed those portions of the November 6 Order to which objections were made. Finding no error, all objections are overruled. It is therefore ordered that:

(1) Magistrate Judge Peter Bray's November 6, 2024, Hearing Minutes and Order, (Dkt. No. 254), are **ACCEPTED** and **ADOPTED** in their entirety as the holding of the Court.

(2) By April 30, 2025, the Parties are instructed to file a joint status report on outstanding discovery that includes:

   i) all outstanding discovery requests;

   ii) when all written discovery can be exchanged;

   iii) when depositions can be concluded;

      iv)  when all discovery will be concluded, and

      v)  when dispositive motions can be filed.

(3)    Defendant Justin Thomas Hayes may file a motion for sanctions by May 16, 2025, if he believes that Plaintiffs did not comply with the undersigned District Court's October 21, 2024, Order, (Dkt. No. 250). The motion must not incorporate prior filings by reference and must include all of Hayes's arguments and evidence.

(4)    Plaintiffs shall respond within 21 days of the motion's filing.

(5)    Hayes may reply within 7 days thereafter.

It is SO ORDERED.

Signed on April 16, 2025.

                                                                    **DREW B. TIPTON**
                                                          **UNITED STATES DISTRICT JUDGE**