United States District Court
Southern District of Texas
**ENTERED**
September 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN ALLEN, JR., LAWON ALLEN, ESTATE OF JOHN ALLEN, SR., SHERMAN ALLEN, MARTHA VAUGHAN, DEBORAH DAVIS and CITY OF HOUSTON,<br><br>Plaintiffs,<br><br>VS.<br><br>JUSTIN THOMAS HAYES, CITY OF HOUSTON, TYLER SALINA, APRIL PALATINO, M. ARROYO, DIEGO MORELLI, ALTON BAKER and ZIMMERMAN,<br><br>Defendants. | Civil Case No. 4:18-CV-00171 |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the August 11, 2025 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Bray. (Dkt. No. 300). Judge Bray made findings and conclusions and recommended that Plaintiff Martha Vaughn's Motion to Dismiss Her Claims Without Prejudice, (Dkt. No. 251), be granted with prejudice. (Dkt. No. 300).

Vaughn's motion seeks voluntary dismissal of her claims without prejudice. (Dkt. No. 251). On July 24, 2025, Judge Bray held a hearing and addressed the Motion to Dismiss. (Dkt. No. 293). Judge Bray stated that "[t]he court intends to recommend dismissal of Ms. Vaughn with prejudice unless Plaintiffs withdraw the motion.

Accordingly, Plaintiffs shall inform the court in writing by August 8, 2025, whether they are seeking a ruling on the motion or whether they will withdraw the motion." *Id.*

On August 11, 2025, Plaintiffs stated that they "do[] not oppose dismissal of Defendant Martha Vaughn without prejudice based on her lack of mental capacity to participate in these proceedings. Plaintiff lacks the legal authority to agree to a dismissal with prejudice without Vaughn's informed and knowing consent, which cannot be obtained under the present circumstances." (Dkt. No. 299).

That same day, on August 11, 2025, Judge Bray issued his recommendation that Vaughn's claims be dismissed with prejudice. (Dkt. No. 300). The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

On August 12, 2025, Plaintiffs filed a suggestion of death of Martha Vaughn. (Dkt. No. 302). Counsel for Vaughn stated that they "recently discovered" that Martha Vaughn had passed away on August 2, 2025. *Id.*

On August 25, 2025, Plaintiffs and Deborrah Davis as personal representative for the Estate of Dr. Martha Vaughn filed objections. (Dkt. No. 305). First, they argue that "Martha Vaughn's claims must now be succeeded by an estate representative" and that her estate is entitled to notice and substitution. *Id.* at 2, 5. They recognize that "[t]he Court was not apprised of [Vaughn's] death before issuing the recommendation." *Id.* at 4. Second, Plaintiffs and Deborrah Davis argue that Vaughn's claims do not abate upon her death, and survivable claims pass to her estate. *Id.* at 5. Third, Plaintiffs and Deborrah Davis argue that dismissal with prejudice prejudices the estate.

On September 8, 2025, Defendant responded to the objections. (Dkt. No. 308). Defendant argues that Davis does not have standing to object, that Plaintiffs have not identified any specific finding or recommendation as erroneous, and that Vaughn's claims do not survive her death. *Id.* at 1–3. Defendant also argues that Plaintiffs waived their objection to the M&R by failing to withdraw their motion when given an opportunity to do so. *Id.* at 3–4.

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The M&R recommends granting Plaintiff's motion. Plaintiffs have not withdrawn the motion. Plaintiffs do not state in their objections that they no longer seek dismissal of Vaughn. Rather, they imply that Vaughn's estate may wish to proceed with her claims. Plaintiffs' counsel stated that they intend to file a motion to substitute after an administrator is appointed to Vaughn's estate, but no such motion is pending before the court. (Dkt. No. 302). Plaintiffs do not point to any legal or factual error in the M&R.

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court.

It is therefore ordered that:

(1)  Judge Bray's M&R (Dkt. No. 300) is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2)  Plaintiff Martha Vaughn's Motion to Dismiss Her Claims Without Prejudice, (Dkt. No. 251), is **GRANTED.** Her claims are **DISMISSED WITHOUT PREJUDICE**.

It is SO ORDERED.

Signed on September 16, 2025.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**