United States District Court
Southern District of Texas
**ENTERED**
February 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| John Allen, Jr., et al., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action H-18-171 |
| | § | |
| Justin Thomas Hayes, | § | |
| *Defendant.* | § | |

**MEMORANDUM AND RECOMMENDATION**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 152. Pending before the court is Defendant's Renewed Motion for Sanctions, ECF No. 279. Defendant seeks dismissal with prejudice for Plaintiffs' failure to comply with the court's orders and discovery rules. The court recommends that the motion be **DENIED**.

### 1. Background and Timeline

This case stems from the fatal shooting of John Allen, Sr. *Allen v. Hays*, 65 F.4th 736, 741 (5th Cir. 2023) (*Allen II*). Plaintiffs filed suit in Harris County in 2017, and Defendant Justin Hayes removed the case to federal court in January 2018. ECF No. 1. The Fifth Circuit has since ruled on this case and remanded it twice. *Allen v. Hays*, 812 F. App'x 185 (5th Cir. 2020); *Allen II*, 65 F.4th at 741.

This case has a lengthy history, which the court will not fully recite here. The court entered an Order in July 2025, which it incorporates by reference to this order, briefly summarizing the case's history. ECF No. 293. There, the court stated that it:

> has held many hearings in this case, has extended the discovery deadline many times, [] has ordered the parties repeatedly to fully answer all outstanding discovery requests, has entered monetary sanctions

> against Plaintiffs' counsel, and has threatened dismissal of this case. Judge Tipton has twice reviewed and affirmed the court's discovery and sanctions orders. In short, the court has done all it can to prompt the parties to engage in discovery.

*Id.* The court then entered an additional sanction and ordered that "the parties may not rely on evidence that should have been, but was not, turned over during discovery to support any motion, claim, or defense." *Id.* at 3.

Defendant argues that, despite the court's sanctions, Plaintiffs have failed to comply with basic discovery orders, and thus, the court has no other option than to dismiss Plaintiffs' suit with prejudice. ECF No. 279 at 3. In response, Plaintiffs argue that Defendant has also failed to adequately respond to discovery requests and that Plaintiffs have made good faith efforts to comply. ECF No. 287 at 1–6.

After filing his motion, Defendant filed a Notice and Supplement informing the court that Plaintiff Martha Vaughn had passed away before the parties deposed her.[1] ECF No. 301. Defendant argues that "Plaintiffs have succeeded in preventing the defense from obtaining reasonable discovery in this case and impeding the defense's ability to explore evidence and develop defense strategies they planned for and zealously pursued since July 2023." *Id.* at 3. Defendant generally argues that he is prejudiced by Plaintiffs' failures to comply with the court's discovery orders because Defendant cannot obtain phone records for John Allen, Sr. and because Defendant cannot obtain Martha Vaughn's deposition. *See generally, id.*

---

[1] Plaintiffs moved to strike the Supplement. ECF No. 304. The court denied Plaintiffs' motion. ECF No. 310.

### *2. Legal Standard and Analysis*

When a party fails to obey a discovery order, the court may impose sanctions, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A)(v). District courts have broad discretion in crafting appropriate sanctions under Rule 37. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). Sanctions, other than litigation-ending or "death penalty" sanctions, must be just and related to the particular issue addressed by the discovery order that was violated. *Id.* On the other hand, before litigation-ending sanctions can be imposed under Rule 37, the court must find that: "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation 'substantially prejudice[d] the opposing party'; and (4) a lesser sanction would not 'substantially achieve the desired deterrent effect.'" *Id.* at 758–59.

Similarly, Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell v. Wilkinson*, 988 F.3d 798, 801–02 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802.

This case has been delayed for quite some time. However, the court is unable to find that the delay was a result of bad faith

or any other aggravating factor required to allow the severe sanction of dismissal under Rules 37 or 41. There is no evidence that Plaintiffs, and not their counsel, are at fault for the inappropriate conduct in this case. There is also no direct evidence that any violation was willful or done in bad faith. In fact, to put it bluntly, the discovery failures in this case appear to be a result of Plaintiffs' counsel's oversights and neglect.

The court has done everything in its power to prevent prejudice to either side throughout the various discovery disputes. For example, the court ordered that neither party may rely on evidence that it should have, but did not, turn over during discovery, which should prevent undue prejudice to either party. As to the discovery that Defendant sought but was unable to obtain, Plaintiffs have stipulated that they will not argue that Allen, Sr.'s gun was planted or that Allen, Sr. did not own a gun. ECF No. 293 at 4. Accordingly, the death of Martha Vaughn and Defendant's inability to obtain phone records should not materially affect Defendant's case.

Lesser sanctions have not resolved the disputes among the parties, but it is the court's intention that the previously entered sanctions will allow the court to appropriately reach the merits of the issues without prejudice to either party.

The court is well aware of the serious allegations that the parties seek to resolve in this case. The court strongly prefers to resolve cases on the merits. Accordingly, the court will not impose the exceptional sanction of dismissing Plaintiffs' case with prejudice under these circumstances.

The several remaining motions are currently under advisement.

### 3. *Conclusion*

The court recommends that Defendant's Renewed Motion for Sanctions, ECF No. 279, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February 10, 2026.

_____

Peter Bray
United States Magistrate Judge